CLEVELAND VS. THE MARINE BANK OF MILWAUKEE and others.

Under section 25, ch. 148, R. S., a creditor of a bank, existing under the laws of this state, may, *without having obtained a judgment at law against it*, maintain an action (in behalf of himself and all other creditors who may choose to become parties thereto) against the bank *jointly with its stockholders*, to obtain the relief provided for by sections 21, 23, 24, 30, 31 and 32 of said chapter.

Section 26 of the same chapter merely extends the remedy to such creditors as may choose to proceed to judgment against the corporation before resorting to the equitable proceeding provided by the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought by the plaintiff in his own behalf and in behalf of all other creditors of the *Marine Bank of Milwaukee* who might choose to come in and be made parties thereto, or become interested therein. The bank itself, and its stockholders by their individual names, were made defendants; and the complaint contained an allegation showing the amount of stock held by each of the latter at the time the cause of action arose. The complaint alleges an indebtedness of the bank to the plaintiff for certain specified sums of money deposited therein by him, with interest agreed to be paid on the same; that the bank has ceased to do banking business, and has closed its banking office; that the plaintiff has demanded, and the bank refused to pay, said indebtedness; that

said bank has choses in action, &c., to an amount to the plaintiff unknown, which ought to be converted into cash and applied to the payment of said indebtedness; that the bank is indebted to other persons, but to whom and in what amounts the plaintiff cannot state; and that it is insolvent.—The relief demanded is, that the bank be adjudged to be indebted to the plaintiff in the sums specified; that each of the other defendants be adjudged to be liable to the plaintiff on account of said indebtedness to the amounts of stock owned by them respectively at the time said indebtedness accrued; that the bank and its officers, agents, stockholders and directors be restrained by order of court from exercising any of its corporate franchises, and from receiving any debts or demands, and from paying or transferring to any person any of its moneys or effects, until the further order of the court; that a receiver be appointed, &c.; that the court fix a time within which all the other creditors of the bank shall be required to become parties to the action, &c.; "that finally a final judgment may be rendered" herein according to law, and that thereupon the court cause an equitable distribution of the property of said bank, and of the proceeds thereof, to be made to its creditors; that if such property be insufficient to discharge the debts of the bank, the court, by order and judgment, compel each stockholder defendant to pay in the amount due and unpaid on the shares of stock held by him, or so much thereof as may be necessary, &c.; and that if the debts of the bank shall then remain unsatisfied, the court ascertain the respective liabilities of said stockholders, and determine the amount payable by each, and enforce such judgment as in other cases.

The defendants demurred to the complaint, on the grounds that it appeared upon the face thereof, that there was a defect of parties both plaintiff and defendant; that several causes of action were improperly joined; and that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiff appealed.

*Mat. H. Carpenter*, for appellant.

*Butler & Cottrill*, for the respondents, among other things, contended that the legislature never intended to allow the creditors of banks to proceed against the stockholders in conjunction with the corporation in the first instance, and before judgment at law. Are the stockholders to be proceeded against primarily, annoyed by suits about which they know nothing, upon claims unliquidated against the bank and subject to offsets and defenses by it, before the ordinary remedies against it are exhausted? Are they to be put to the expense of defending a suit which may never go to judgment against the bank? They are indeed made responsible to the creditors. But who is the "creditor," within the fair interpretation of the section? Is it any one that institutes a suit against the corporation upon a claim perhaps altogether unjust and unfounded, perhaps paid, or to which the bank has offsets more than enough to absorb it? It seems to us not. An ordinary creditor cannot attack a transfer of a debtor's property, in a suit against the person to whom it has been transferred, until he has first obtained judgment on his demand, and thus settled both the question of his being a creditor in fact and the extent of his claim. This rule is founded upon the obvious equitable principle, that so long as the debtor can dispute the claim that his adversary is his creditor, and contest the amount of his demand, a third person shall not be harassed with a suit to enforce a demand which may prove entirely groundless. The same rule should be applied in this case. The stockholder is not presumed to know anything of the merits of the creditor's claim; ordinarily he will know nothing about it, and he has no immediate but only an ultimate or resulting interest in knowing. It is doubtful whether he can litigate the claim after judgment against the bank, and probable that he cannot. But if he can be sued primarily, cannot he set off any demand he may have individually against the creditor, in which the bank has no interest? It seems that he

should be allowed to do so'; and yet this would make a species of counter-claim hardly allowed by the statute.—Counsel also referred to the cases of *Coleman vs. White*, 14 Wis., 700, and *Adler vs. Mil. Patent Brick Co.*, 13 id., 57, as deciding that the creditor must first establish his claim by judgment at law, and then, after execution issued and returned in whole or in part unsatisfied, he may file his bill against the corporation and its stockholders.

*By the Court*, DIXON, C. J.　Two points are raised in support of the demurrer : one, that there is a defect of parties defendant, counsel understanding by that term not only a mere deficiency or non-joinder, but a misjoinder of parties with respect to the causes of action ; the other, that the plaintiff should have proceeded to judgment at law against the bank before he could resort to these proceedings.　Upon the first point we are referred to sections 29 and 30, ch. 125, R. S., regulating the causes of action which may be united in the same complaint, and how they must affect the parties.　Under those sections it is contended that causes of action upon unliquidated demands against the bank, and at the same time against the stockholders, are inconsistent and cannot be joined.　We need not determine how the argument would stand with reference to those sections, as we should be obliged to do provided they were applicable to the case.　We are of opinion that they have no influence whatever over it, but that it is a special statutory proceeding exclusively governed by the provisions of chapter 148.

Under the latter chapter, then, we must examine the other point.　And here it seems to us that the provisions of section 25 are decisive of the point.　It is a strict question of statutory interpretation, and that section declares :　" If such application be made by a creditor of a corporation whose directors or stockholders are made liable by law for the payment of such debt in any event or contingency, such directors or stockhold-

ers, or any of them, may be made parties to the action, *either at the commencement* thereof or in any subseq unt stage of the proceedings, whenever it shall become necessary to enforce such liability." Counsel refer to the next section, which provides that if any creditor of a corporation desires to make such directors or stockholders parties to the action, after a judgment therein against the corporation, he may do so by filing a complaint against them founded upon such judgment. But this is no more than an extension of the remedy to such creditors as may choose to proceed to judgment against the corporation before resorting to the equitable proceeding provided by the statute, as all clearly may do before the latter is instituted, and by no means implies a denial of the action expressly authorized by section 25. The two sections are not inconsistent, each being intended to apply to a different class of creditors, so as together to form a complete and harmonious system.

Counsel likewise refer to the opinions of this court in the cases of *Coleman vs. White* and *Carpenter vs. The Marine Bank and others*, 14 Wis., 700. It is hardly necessary to say more, in answer to this branch of the argument, than that this question was not involved in those cases. Nor is it discussed. It is true that it was observed that the action given by the statute against banking and insurance corporations and their stockholders was like that against other corporations and their delinquent subscribers for the capital stock, which can only be instituted by a judgment creditor; and *Adler vs. Milwaukee Pat. Brick Co.*, 13 Wis., 57, was cited. Still the points of resemblance were not carried so far as to indicate that both must be commenced by creditors by judgment. The former, as we have already seen, may, by express provision of the statute, be instituted by a creditor at large, and thenceforth the two proceedings are not unlike in many particulars of reason and practice.—Whether it was wise or unwise thus to allow the creditor to join the corporation and the stockholders in the

first instance, is not for us to consider. We are to construe and give effect to the statute as we find it.

The order of the circuit court must therefore be reversed, and the cause remanded for further proceedings according to law.