CLEVELAND and others vs. BURNHAM, imp.

*September 4 — October 31, 1882.*

VACATING JUDGMENT by default. *(1) Excusable neglect. (2) Sufficiency of proposed answer.*
BANKS AND BANKING. *(3) Liability of stockholders for debts.*
PRACTICE IN S. C. *(4) Dismissing appeal instead of affirming judgment.*

1. The facts in this case (too voluminous to be here stated), are held to show a case of excusable neglect within sec. 2832, R. S., and to entitle a defendant to be let in to defend in an action in which judgment had been taken against him by default.

2. Where the complaint in an action in which there has been a judgment against the defendant by default, goes upon a mistaken theory of the law, a proposed answer proceeding upon the same theory and traversing the facts upon which the defendant's liability is based in the complaint, is sufficient upon an application to vacate the judgment and permit the defendant to answer.

3. Under the bank law contained in ch. 71, R. S. 1858 (which provides that stockholders shall be individually responsible to the amounts of their respective shares of stock for all the indebtedness and liabilities of the association; that the shares shall be transferable, and that every person becoming a shareholder by such transfer shall in proportion to his shares succeed to all the rights and be subject to all the liabilities of prior shareholders), it is not the shareholders at the time a debt accrued, but the shareholders at the time an action is commenced thereon, who are individually responsible for such debt to the amount of their respective shares.

4. An order refusing to vacate a judgment by default and permit a defense to be interposed being reversed, an appeal from the judgment is dismissed, there being no error apparent on the record which would work its reversal.

APPEALS from the Circuit Court for *Milwaukee* County. The action was commenced in April, 1862, by Newcomb Cleveland, on his own behalf and on behalf of all other creditors of the Marine Bank of Milwaukee who should make themselves parties to the proceeding, against the bank to collect debts alleged to be due therefrom. *Jonathan Burnham* and various others, alleged to have been

stockholders in the bank at the time the indebtedness accrued, were also made defendants. Other creditors were subsequently made parties plaintiff.

An order sustaining a demurrer to the amended complaint was reversed by this court. *Cleveland v. Marine Bank*, 17 Wis., 545. An answer was subsequently served on behalf of the bank and several of the other defendants, including *Burnham*, setting up various counterclaims in favor of the bank, but no specific defense on the part of any of the stockholders. The answer is not on file or of record in the action, but a reply thereto was served and filed. On the 27th of April, 1869, it was adjudged that the bank had surrendered its corporate rights and franchises and that it be dissolved, and the cause was referred to Samuel M. Dixon, Esq., to ascertain and report the amount of the assets of the bank, the debts owing by it and the time when such debts were incurred, and the names of the stockholders from a period six months before the incurring of the first debt down to the date of the order. On the 19th of November, 1880, Hugh Ryan, Esq., was substituted as referee, and on the 20th of October, 1881, the report of the referee was filed. It stated, among other things, that there was an indebtedness from the bank to the executors of the plaintiff Cleveland, contracted in part November 12, 1859, and in part January 3, 1861, and an indebtedness to each of the other plaintiffs, and that, among others named, the defendant *Burnham* was a stockholder of the bank, from the 1st of January, 1857, at and during the times when the several indebtednesses above mentioned were incurred, down to the 27th of April, 1869, holding stock therein to the amount of $5,000. On the 21st of November, 1881, judgment was entered, confirming the report of the referee, directing that the assets of the defendant bank be applied to the payment of the indebtedness to the plaintiffs, and adjudging that the

other defendants, including *Burnham*, were severally liable to the plaintiffs to the amount of the stock held by them respectively.

A motion was subsequently made by the defendant *Burnham*, to set aside the judgment as to him, and for leave to appear and file and serve his answer in the action and defend the same. The motion was based upon all the records, proceedings and papers in the action and upon affidavits and a proposed answer, the substance of which will sufficiently appear from the opinion. The motion was denied and the defendant *Burnham* appealed separately from the order denying the motion, and from the judgment. [See *Cleveland v. Hopkins, ante*, p. 387.]

For the appellant there was a brief by *Cottrill, Hanson & Brown*, as attorneys, and *A. R. R. Butler* and *J. P. C. Cottrill*, of counsel, and oral argument by *Mr. Cottrill*. They argued, among other things, that the motion should have been granted. *Lampson v. Bowen*, 41 Wis., 484; *Levy v. Goldberg*, 40 id., 308. As to the effect of an unauthorized appearance by an attorney, they cited *Shelton v. Tiffin*, 6 How., 163; Freeman on Judgments, 499, 500, 508–9. There is no claim that Butler, Buttrick & Cottrill were ever in fact retained by the appellant, or that they acted in bad faith. The president of the bank directed them to do what was done. They were never advised of any specific defense as existing on the part of the appellant.

For the respondents there was a brief by *E. Mariner* and *Geo. H. Noyes*, and oral argument by *Mr. Noyes*. They contended, *inter alia*, that the motion was properly denied. By negative pregnant the proposed answer admits that *Burnham* has been a stockholder of the bank since January 3, 1861, and prior to the beginning of any suit. The denial that he was a stockholder when the debts were contracted is immaterial.

A re-argument was ordered by the court, to be confined to the following questions:

" 1. Under the bank law contained in ch. 7, R. S. of 1858 (the provisions of which affecting these causes were in force when all of the indebtedness of the Marine Bank to the plaintiffs accrued), is any former stockholder liable who was not a stockholder when the action was commenced? Or, as applied to this case, if the appellant was a stockholder in the Marine Bank when it became indebted to the plaintiffs but was not such stockholder when this action was commenced, can there be a recovery against him?

" 2. After the plaintiffs had established their claims against the Marine Bank and after the assets of the bank had been converted into money and applied upon such demands, should proceedings have been taken, on notice to the alleged stockholders, to ascertain who were liable for the deficiency and the amount of the liability of each?"

For the appellant there was a brief by *A. R. R. Butler* and *J. P. C. Cottrill*, and oral argument by *Mr. Cottrill*.

*E. Mariner* and *Geo. H. Noyes*, for the respondents.

The following opinion was filed, upon the appeal from the order refusing to set aside the judgment:

COLE, C. J.   We are disposed to hold that the defendant *Burnham* made out a case of excusable neglect within the statute (sec. 2832, R. S.), and should have been let in to defend.   It is true, he was personally served with process when the suit was commenced, in April, 1862.   It likewise appears that an answer was served by the firm of Butler, Buttrick & Cottrill for the defendants, including *Burnham*.   But the affidavit of Mr. Cottrill fully explains how this mistake was made.   It shows conclusively — as does the affidavit of *Burnham* — that this firm was not retained by *Burnham*, and had no authority whatever to represent him in the action. We shall not refer to the circumstances under which the

firm happened to appear for him, further than to say it was owing to a very natural mistake, which any lawyer might make. There was certainly nothing wrong in the conduct of any member of the firm in regard to such appearance, or which could possibly cast a suspicion upon their deservedly high professional character. But true it is, that firm had no authority to appear for *Mr. Burnham*, or represent him in the action. In his affidavit *Mr. Burnham* states on this point that on being served with process he employed his co-defendant, D. A. J. Upham,— since deceased,— to whom he committed his entire defense; that from time to time he consulted with Mr. Upham concerning the action and about his defense, and was repeatedly told by Upham that the suit would not be pressed; that he need pay no attention to it until so advised by him, Upham; that he was surprised at learning in November, 1881, that judgment had been rendered against him; that he had no notice of the proceedings therein, but supposed from the statements of his counsel that the action had been discontinued years before. *Mr. Burnham* is probably not correct in saying that he had had no notice of the proceedings, for it does appear while the motion for judgment was pending that Mr. Butler spoke to him on the subject; but it is doubtless true that *Mr. Burnham* supposed from the advice of his counsel that no judgment could be obtained against him, and he therefore did not appear to resist the entry of judgment against him. But while it could scarcely be claimed that *Mr. Burnham* was active and vigilant, as he should have been, in attending to the suit and in employing counsel to make his defense after Mr. Upham died, still the fact that the suit was permitted by the plaintiff to sleep so many years was well calculated to throw him off his guard or lull him into security. Besides, it must be remembered that the principal defendant in the action was the Marine Bank. It was sought to hold *Burnham* and others liable for the debts of the bank as stockholders. Burnham or his

counsel may have supposed that the property of the bank would be ample to pay its indebtedness; if not sufficient, that no stockholder would be charged for the deficiency without some subsequent proceedings, of which the stockholders would have notice. However that may be, we think *Mr. Burnham's* neglect to make his defense in season was excusable upon the facts of the case. For, as we have said, it was nearly twenty years from the time the suit was commenced before judgment was obtained; so not without reason might *Mr. Burnham* entertain the belief that the action was discontinued as to him, or that it would not be necessary for him to take any steps in the case until he had further notice. The statute, which authorizes the court to relieve a party from a judgment within a year after notice thereof on the ground of "*excusable neglect*," goes upon the theory that such party has not exercised due and proper diligence. Of course his neglect must admit of palliation, or be worthy of being excused. Under the circumstances disclosed in the affidavits, we think this can be said of the neglect of *Mr. Burnham* to make a defense.

The next question to be considered is, does the verified answer served with the motion papers set up a defense? It is claimed by plaintiff's counsel that it does not. The material clause of the answer consists of a denial that *Burnham* was, on the 12th day of November, 1859, when the written promise set forth in the amended complaint was executed by the president of the bank, a stockholder of the bank, or owned any stock whatever therein; or that he was a stockholder of said bank, or owned any stock therein, on the 3d day of January, 1861 (when the second cause of action accrued), or that he was ever a stockholder of said bank, or owned any stock whatever therein, prior to either of said two last mentioned dates.

It is very apparent that both the complaint and proposed answer go upon the theory that the shareholders when the

indebtedness was contracted were alone liable under the pro-
visions of the banking law, and not the shareholders when
the suit was commenced.    But that view is clearly incorrect,
as was practically conceded by plaintiff's counsel.    It is the
shareholders when the suit is commenced who are made in-
dividually responsible, to the amount of their respective
shares, for the indebtedness of the bank.    The shares are
transferable,— that is, are subject to sale and assignment like
other property of this character,— but the shareholder who
buys stock succeeds to all the rights and is subject to all the
liabilities of a prior shareholder.    The law so expressly de-
clares.    Now the objection taken to the answer is that it
tenders an immaterial issue by denying that *Burnham* was
a stockholder at two particular dates, or prior to either of
those dates.    And further, it is claimed that the answer,
while denying that he was a stockholder at either of those
dates, or prior thereto, carries an implication or admission
that he was a stockholder at some other time; that is to say,
when the suit was commenced.    A negative pregnant in
pleading is doubtless bad.    But it will be noticed that the
answer squarely meets the real issues of the complaint;
therefore, while it may not contain a good defense to the
action, the fact that it meets those issues fairly is entitled to
considerable weight when passing on the merits of defend-
ant's application to be let in to defend.    That the answer
does fully and distinctly traverse the facts upon which *Burn-
ham's* liability is based in the complaint does not admit of
doubt.    But plaintiff's counsel insist that the answer should
not only contain a denial that *Burnham* was a stockholder
at the time of incurring the indebtedness, but should have
negatived every possible state of facts which would have
charged him.    In determining the sufficiency of the answer
we can apply no such strict rule of pleading.    We have said
the complaint goes upon the theory that the stockholders
when the indebtedness accrued are liable, whether they are

stockholders when the suit is commenced or not. The answer fairly meets that issue, and must be deemed sufficient on this application.

The question whether or not one who was a stockholder when the debt accrued, but had transferred his stock in good faith before suit was commenced, was liable, is a point which has not been decided by this court. We have indicated our opinion that it is the stockholder when the suit is commenced who is chargeable to the amount of his stock.

In *Coleman v. White*, 14 Wis., 700, a creditor of the bank brought an action at law against the stockholder to recover a debt due from the bank. The court decided that the remedy was by a suit in equity in which all the creditors should join, or one or more should sue for the benefit of all, and that the action should be against the bank and all the stockholders. There was no occasion to consider the question whether a stockholder who had transferred his stock before suit brought was liable, and it was not discussed. It is true, the chief justice, in the opinion, says that the liability of the stockholder was primary and absolute, attaching the moment the debt was contracted by the bank. But that remark was made when considering the remedy to be adopted to enforce the liability of the stockholders. So in *Cleveland v. Bank*, 17 Wis., 545, the question decided was whether a creditor of the bank, without having obtained a judgment at law against it, could maintain the action pointed out in *Coleman v. White*. It was held he could. But neither in that case was it necessary to determine whether the liability was to be enforced against the stockholder when the debt was contracted, or the person owning the stock when the suit was commenced. That point is not even alluded to in the opinion by the chief justice. The same remark is true of the case of *Merchants' Bank v. Chandler*, 19 Wis., 435.

In the last case the chief justice, while considering the objections to the complaint, that there was a defect of parties

defendant, observes that all the parties owning stock before the transfer to the bank itself were before the court, and if such transfer was fraudulent and void the proper parties were brought in so that the question might be litigated. But it is obvious that in none of these cases was the precise question ever expressly decided whether a person not a stockholder when the action is brought was liable. The question may be inferentially decided in *Cleveland v. Bank, supra,* as counsel contends, so as to be *res adjudicata* in this action, but nothing more.

By ch. 242, Laws of 1861, the liability of a stockholder was continued for six months after he had transferred his stock. This amendment to the banking law, which was submitted to and approved by the electors of the state, clearly shows that the understanding was previously that a stockholder who made a *bona fide* transfer of his stock before suit brought was exonerated from all liability. Whether that law could continue the liability of a stockholder who had sold his stock before it took effect is not a question presented for decision now. It is admitted by all the counsel that the assets and property of the bank must be first exhausted before the stockholders who are liable can be called upon to make good any deficiency. The proceedings on the reference in this case do not seem to be regular, but as the defendant should be let in to make his defense, that matter becomes unimportant.

It follows from these views that the order of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*By the Court.*— So ordered.

Upon the appeal from the judgment, the following opinion was filed:

Cole, C. J. This is an appeal from a judgment. There is no bill of exceptions, and we can only look to see if there

is any error apparent on the record which should work a reversal of the judgment. We see none. But we have reversed the order of the circuit court refusing to vacate the judgment and let the defendant *Burnham* in to defend. In order that he may have the benefit of that decision we shall dismiss the appeal herein. The circuit court will, doubtless, set the judgment aside in accordance with the direction given in the opinion on the appeal from the order.

*By the Court.*— The appeal is dismissed.