Cleveland and others, Ex'rs, etc., vs. Burnham, imp.

CLEVELAND and others, Executors, etc., vs. BURNHAM, imp.

*December 11, 1883 — March 18, 1884.*

*(1) Appealable order.  (2) Contempt: Indemnity: Service of notice of motion.  (3) Examination of party: Discretion.*

1. An order requiring a party who has refused to answer certain interrogatories in an examination before a court commissioner, to appear before the commissioner and answer such interrogatories and *also to pay the costs* of the proceedings already had and $10 costs of the motion, is appealable.  *Stuart v. Allen,* 45 Wis., 158, distinguished.

2. The proceeding not being for a criminal contempt, and the amount ordered to be paid being limited to the actual pecuniary loss sustained by the opposite party by reason of the refusal to answer, the fact that notice of the motion was not given to the party personally, but only to his attorneys, will not work a reversal of the order.

3. The examination of a party by deposition at the instance of the adverse party (under sec. 4096, R. S.) was intended as a substitute for a bill of discovery, and the statute, being remedial, should be liberally construed.  The examination is in the nature of a cross examination, and the range and admissibility of the questions are, to some extent, in the discretion of the presiding judge.

APPEAL from the County Court of *Milwaukee* County. The cause was before this court on former appeals and is last reported in 55 Wis., 598. The nature of the action may be ascertained from that report.

After issue was joined in the action, the defendant *Burnham* was duly required by the plaintiff to appear before a court commissioner for examination, pursuant to R. S., 995, sec. 4096. He attended before the commissioner at the appointed time, and was examined. Under advice of his counsel he refused to answer certain questions put to him on behalf of the plaintiff. The commissioner thereupon certified such refusal to the county court in which the action is pending. The plaintiff thereafter procured from that court and served upon *Mr. Burnham's* attorneys — but not upon *Mr. Burnham* — an order to show cause: "(1) Why the

amended answer of said defendant should not be stricken from the files, and judgment be directed against him as by default; (2) why the said defendant *Burnham* should not be punished for contempt for refusal to answer the interrogatories ordered to be answered by said court commissioner as shown in his said return; (3) why he should not be required to answer the said several interrogatories ordered to be answered, and refused by him, as shown in said proceeding before said commissioner, and to pay the costs of said proceedings and of this motion; (4) why such other or different relief should not be granted said plaintiff as may be according to justice and proper herein.". At the time appointed *Mr. Burnham* appeared specially, by counsel, and objected to the hearing of the order, because the same had not been personally served upon him; which objection the court overruled, and the hearing proceeded. The court thereupon made an order directing *Burnham* to appear before the commissioner on a certain notice therein specified, and answer the interrogatories which he had theretofore refused to answer. Such interrogatories were as follows:

" *Question* 6. Were you a stockholder of the defendant Marine Bank at any time between the 12th day of November, 1859, and the 1st of April, 1862?

" *Q.* 8. Did you afterwards (after November 12, 1859) and before the commencement of this action (April 3, 1862) become a stockholder of said bank?

" *Q.* 11. On the 3d day of April, 1862, were you a stockholder in said defendant, the Marine Bank?

" *Q.* 13. Were you at the date of the commencement of this action a stockholder in the Marine Bank, defendant?

" *Q.* 14. Were you the owner of any amount of stock of the defendant bank at the time of the commencement of this action?

" *Q.* 15. Do you know who were the stockholders of said bank at the time of the commencement of this action?"'

The order further directed, in effect, that if the defendant *Burnham* should answer any of the questions in the affirmative, then he should answer the further question or questions, if asked, as to how much stock he held or owned in said bank at the several times mentioned; and that, after said defendant shall have answered those questions, the plaintiffs proceed with their examination of said defendant, within the issues, until they have completed the same, before the matter shall again be reported to the court; and that said defendant pay the costs of the proceedings already had before said commissioner, and also $10 costs of the motion. The defendant *Burnham* appealed from such order.

Before the cause was reached for argument the plaintiffs moved to dismiss the appeal on the ground that the order was not appealable.

*Geo. H. Noyes*, in support of the motion.

*J. P. C. Cottrill, contra.*

The following opinion was filed October 23, 1883:

Lyon, J. In *Stuart v. Allen*, 45 Wis., 158, the appeal was from an order made in a proceeding similar to that here under consideration, in which the court ruled that a party in his examination before a commissioner, pursuant to sec. 55, ch. 137, R. S. 1858, and the amendments thereto, (2 Tay. Stats., 1602, § 81), rightfully refused to answer certain interrogatories put to him by the adverse party before the commissioner. It was held that such order was not appealable. The grounds of the decision are thus stated in the opinion by Mr. Justice Orton: "The order itself, although in the form of an order denying the motion based upon the order or rule to show cause, is really nothing more than the *ruling* of the county court as to the relevancy and admissibility of certain evidence offered by the appellants and objected to by the respondent, and is no order, either intermediate or final, properly so-called, which, under the statute, is appealable."

So far as it affects the merits of the motion to dismiss this appeal, there is no essential difference between the statute under which the proceedings were had in *Stuart v. Allen*, and sec. 4096 of the Revision of 1878, under which the present proceedings were taken.

It was held in *In re Day*, 34 Wis., 638, that an order in a proceeding adjudging a party guilty of contempt, and requiring him to indemnify the other party to the amount he had been injured thereby, was "a final order affecting a substantial right made in a special proceeding," and therefore appealable. R. S. 799, sec. 3069, subd. 2. To the same effect are *Lamonte v. Pierce*, 34 Wis., 483; *In re Murphey*, 39 Wis., 286; *In re Ida L. Pierce*, 44 Wis., 411. In all of these cases the appealability of an order in contempt proceedings, awarding indemnity to the injured party, is asserted, and many other cases to the same effect are cited in the opinions.

In *State ex rel. Lanning v. Lonsdale*, 48 Wis., 348, an appeal was entertained from an order adjudging a witness in contempt who, when giving his deposition before a commissioner, refused to answer certain interrogatories propounded to him, and requiring him to pay the costs and expenses to which the injured party had been put by reason of such misconduct. The appealability of the order was not questioned, but under the rule of the cases above cited there is no room to doubt that it is an appealable order.

The learned counsel for the appellant queries whether the *Lonsdale Case* does not overrule *Stuart v. Allen*. We are of the opinion that it does not. The cases are essentially different and are ruled by entirely different principles. We think both of them were correctly decided.

In the present case, had the order only required the appellant to go before the commissioner and answer the interrogatories which he had theretofore refused to answer, we should be of the opinion that the case would be ruled by

*Stuart v. Allen,* and hence that the order would not be appealable. But the order goes further. It requires the appellant to pay the costs of the proceedings already had before the commissioner, and $10 costs of the motion. Thus the appellant is required to indemnify the plaintiff, in part at least, for the injury sustained by him because of the alleged misconduct of the appellant. This feature of the order, we think, takes the case out the rule of *Stuart v. Allen,* and brings it within the rule of the *Lonsdale Case,* and the other cases above cited. It must, therefore, be held that the order is appealable.

*By the Court.*— Motion denied.

After the motion to dismiss was denied the cause was argued upon the merits.

For the appellant there was a brief by *Cottrill & Hanson,* and oral argument by *Mr. Cottrill.*

For the respondents there was a brief *E. Mariner* and *Geo. H. Noyes,* and oral argument by *Mr. Noyes.*

The following opinion was filed January 8, 1884:

CASSODAY, J. No action to obtain discovery under oath in aid of the prosecution or defense of another action is allowable; but the examination of a party, or, in case a corporation be a party, then of a principal officer or managing agent thereof, otherwise than as a witness on a trial, may be taken by deposition, at the instance of the adverse party, in an action or proceeding, at any time after the commencement thereof and before judgment. Sec. 4096, R. S.; ch. 194, Laws of 1882. The attendance of the party or person to be examined may be compelled as provided, and such examination is subject to the same rules as that of any other witness, but the witness is not to be compelled to disclose anything not relevant to the controversy. *Ibid.* The court, by order, may limit the subjects to which such examination

may extend, otherwise disclosures are not to extend to any-thing not relevant to the controversy. *Ibid.* Here the the order limited the subjects to which the examination might extend, to matters embraced within the issues made by the amended complaint and the answer of the defendant *Burnham.* The examination thus authorized was undoubt-edly intended as a substitute for a bill of discovery under the old practice. The statute merely regulates a former remedy. Being remedial, it should be liberally construed. The authority to. enact such statute is not seriously ques-tioned and need not be here considered.

In such examination of an adverse party there is a liabil-ity of his being a perverse party. For this reason. the examination has been held to be in the nature of a cross examination, and hence the range and admissibility of the questions are, to some extent, discretionary with the presid-ing judge. *Stuart v. Allen*, 45 Wis., 164. The liability of the defendant *Burnham* depended upon his being a stock-holder of the bank at a particular time or times. If he was a stockholder at the time the action was commenced, he would seem to be liable under ch. 71, R. S. 1858. *Cleveland v. Burnham*, 55 Wis., 598. Prior to that decision, as there stated, this court had not decided whether one was liable or not who was a stockholder when the debt accrued but had transferred his stock in good faith before suit was com-menced. Ch. 242, Laws of 1861, was voted upon by the people in November, 1861, and took effect December 1, 1861. That act continued the liability of a stockholder for six months after he had transferred his stock. Sec. 16. This action was commenced April 3, 1862, and hence within six months after the act took effect. This being so, it would seem to follow that if *Burnham* was such stockholder when the act took effect, or became such afterwards, and before the commencement of the action, he would be liable, even though he in fact transferred his stock before the suit was

commenced.    Whether that law could continue the liability of a stockholder who had sold his stock before it took effect, was not a question presented for decision in 55 Wis., 606, and is not necessarily presented now.    The object of the examination was to elicit the facts as to just when he became a stockholder, and how long he continued to be such, in order that the whole case might be determined at once, instead of being presented in piecemeal.    We see no good reason why *Mr. Burnham* should not make such disclosures. Counsel seem to think the examination should be strictly confined to the time of the commencement of the action, and then that the plaintiffs should be satisfied with a simple affirmance or denial.    But such a practice might enable a perverse party or witness to conceal the real facts, and compel the opposite party to accept his conclusion of facts, instead of the facts themselves.    We cannot say, from the record before us, that the trial court has abused its discretionary powers in ordering the questions to be answered.

It is urged that the order to answer, pay costs, etc., should be reversed because the order to show cause was not personally served.    By refusing to answer, *Mr. Burnham* subjected himself to punishment as for a contempt, and to have his answer stricken out and judgment given against him as upon default.    Sec. 4097, R. S.    The misconduct in refusing to answer having necessarily produced actual loss or injury to the plaintiffs, the court was authorized by statute to order a sufficient sum to be paid by the defendant to the plaintiffs to indemnify them and to satisfy their costs and expense, instead of imposing a fine.    Sec. 3490, R. S.    This was done by ordering *Mr. Burnham* to "pay the costs of such proceedings already had before said commissioner, and also $10 costs of this motion."    This we construe to be such proceedings already had before the commissioner against *Burnham* personally in attempting to make him give his deposition, and $10 costs of the motion; in other words the

taxable costs. In other words, it limits the amount which he was ordered to pay, to the actual pecuniary loss or injury sustained by the plaintiffs by reason of such refusal to answer solely, and in that it is distinguished from *State ex rel. Lanning v. Lonsdale,* 48 Wis., 367, 368. The order in that case, as well as in this, did not purport to impose punishment for a criminal contempt; but in that case (unlike this) the amount ordered to be paid was not limited to the actual, direct, tangible damages occasioned by the misconduct. Not being a proceeding for criminal contempt, the failure to give personal notice of the motion is no ground for reversal. Otherwise, a nonresident refusing to give such deposition could not be punished by having his answer stricken out or complaint dismissed without personal service of the motion.

For the reasons given the order of the county court must be affirmed.

*By the Court.*— Order affirmed.

A motion for a rehearing was denied March 18, 1884.