ABBOT, Respondent, vs. CITY OF MILWAUKEE, imp., Appellant.

*December 6, 1911—January 9, 1912.*

*Statutes: Construction: When "street" includes sidewalks: Municipal corporations: Special assessments: Invalidity: Reassessment.*

1. Judicial construction of a statute is legitimate only where there is real obscurity in the meaning thereof.
2. As applied to a statute imposing an extraordinary tax burden upon a person or his property, the rule of strict construction does not require, where obscurity exists, that a meaning which will defeat the effort to impose the tax should be adopted if possible or if reasonable from any viewpoint. It means only that if there are two or more reasonable meanings within the scope of the words, giving rise to uncertainty as to which was intended, that one which does not impose the burden should be taken rather than one which does; but if, after all, the latter is more reasonable than the former, it is to be accepted as speaking the legislative intent.
3. The statute (secs. 1210d, 1210e, Stats.: Supp. 1906) providing for a reassessment of benefits and damages where a special assessment for improvements is invalid, is a remedial statute enacted to remedy the negligence and mistakes of public officers, and therefore, if open to construction at all, should be liberally rather than strictly construed.
4. Although the word "street" in its general sense includes sidewalk areas, the words "paving or repaving any street or alley, or part thereof," in sec. 1210d, Stats. (Supp. 1906), were clearly not intended to cover or include sidewalk improvements; and sec. 1210e (referring to sec. 1210d) is therefore not applicable to sidewalk improvements made pursuant to sec. 2, subch. VII, Milwaukee city charter, which contains language similar to that in sec. 1210d with reference to streets, and in addition provides specifically for the construction of sidewalks.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to enjoin enforcement of a special assessment tax against plaintiff's property in the city of *Milwaukee.*

The complaint was to the effect that the imposition upon the property was void for various reasons. Issue was joined by answers and the cause tried resulting in findings of fact sustaining various assigned jurisdictional defects in the special assessment proceedings and ordering judgment declaring the tax void and permanently enjoining proceedings to collect it. Defendant city appealed.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.* They contended, *inter alia,* that a sidewalk is a part of a street, and is included in "paving or repaving any street or alley or part thereof" (sec. 1210*d*, Stats.: Supp. 1906). *State ex rel. Christopher v. Portage,* 12 Wis. 562; *Chase v. Oshkosh,* 81 Wis. 313, 51 N. W. 569; *McDonald v. Ashland,* 78 Wis. 251, 47 N. W. 434; *Byington v. Merrill,* 112 Wis. 211, 88 N. W. 26; *Rosedale v. Ferguson,* 3 Ind. App. 596, 30 N. E. 156; *Board of Public Works v. Hayden,* 13 Colo. App. 36, 56 Pac. 201; *Heiple v. East Portland,* 12 Oreg. 97, 8 Pac. 907; *Marini v. Graham,* 67 Cal. 130, 7 Pac. 442; *Wiles v. Hoss,* 114 Ind. 371, 16 N. E. 800; *Dooley v. Sullivan,* 112 Ind. 451, 14 N. E. 566; *Taber v. Grafmiller,* 109 Ind. 206, 9 N. E. 721; *Gillard v. Chester,* 212 Pa. St. 338, 61 Atl. 929; *Hester v. Traction Co.* 138 N. C. 288, 50 S. E. 711; *Wabash R. Co. v. DeHart,* 32 Ind. App. 62, 65 N. E. 192; *Kohlhof v. Chicago,* 192 Ill. 249, 61 N. E. 446; *In re Burmeister,* 76 N. Y. 174; *Pomfrey v. Saratoga Springs,* 104 N. Y. 459, 11 N. E. 43; *Bloomington v. Bay,* 42 Ill. 503. The word "pavement" is a generic term, and "to pave a street or any part thereof" includes laying a cement sidewalk, since no particular material is necessary to constitute a pavement. *Little Rock v. Fitzgerald,* 59 Ark. 494, 28 S. W. 32; *McNair v. Ostrander,* 1 Wash. 110, 23 Pac. 414; *Philadelphia v. Eddleman,* 169 Pa. St. 452, 32 Atl. 639; *In re Phillips,* 60 N. Y. 16; *In re Burmeister,* 76 N. Y. 174; *In re Burke,* 62 N. Y. 224; 1 Elliott,

Roads & Streets (3d ed.) § 552; 22 Am. & Eng. Ency. of Law (2d ed.) 507; 30 Cyc. 1160, 1161.

For the respondent there was a brief by *Frank M. Hoyt,* attorney, and *Edwin H. Abbot, Jr.,* of counsel, and oral argument by *Mr. Hoyt.*

MARSHALL, J.   The question for decision is this: Does sec. 1210e, Stats. (Supp. 1906: Laws of 1905, ch. 294), apply to sidewalk improvements in the city of *Milwaukee?*   It is conceded that if it does the judgment is wrong,—that the court should have ordered a reassessment, staying all further proceedings until such order had been complied with, and rendered judgment for plaintiff or defendant according to circumstances, as indicated in such section.

Sec. 1210e aforesaid provides for a method of dealing with any special assessment against property for any of the purposes mentioned in sec. 1210d, Stats. (Supp. 1906: Laws of 1905, ch. 501), or to set aside any special assessment certificate, bond, tax sale, or tax certificate based thereon in case of the assessment in any action challenging the same being found invalid by reason of a defective assessment of benefits and damages.

Turning to sec. 1210d aforesaid, we find the purpose mentioned in sec. 1210e to be "work of constructing any sewer, or grading, graveling, planking, macadamizing, paving or repaving any street or alley or part thereof, or the curbing of or sodding along any sidewalk, or the paving of any gutter in any city," etc.   Does this language include a special assessment under the charter of the city of *Milwaukee* for a cement walk?

The sidewalk in question was constructed under sec. 2, subch. VII, of the *Milwaukee* city charter.   The language thereof is this: "grading, graveling and planking, macadamizing or paving to the center of any street or alley, and the grading, graveling, macadamizing, planking, paving, sodding and

curbing of any sidewalk, and the paving of any gutter." Thus it will be seen the construction of sidewalks is specifically mentioned in the charter but is not in the reassessment statutes, unless by the general language, "any street or alley or part thereof." The two provisions are substantially identical, except in the former the particular nature of the improvement is mentioned as to streets in the particular sense, and repeated as to sidewalks, "sodding and curbing" being added, and the words "or part thereof" after the words "street or alley" occur in the latter but not in the former. That is, in the charter the sidewalk area by itself is spoken of, while in the statute the same language as to character of improvement is used, but the territory is described as "any street or alley or part thereof." Was this general language used to characterize the whole street, including the sidewalk area? That is the question.

Counsel for respondent argue that because the word "street" does not, in all cases, include the sidewalks, that a rule of strict construction should be applied to relieve property, circumstanced as that in question, from a special tax burden; that a rule of strict construction in favor of the property owner applies in such cases, citing *Dean v. Charlton*, 27 Wis. 522; *Oshkosh City R. Co. v. Winnebago Co.* 89 Wis. 435, 439, 61 N. W. 1107, and similar authorities to illustrate the principle. It must not be forgotten that such cases had to do with the right to impose the tax, not the right to merely make a reassessment to determine the amount specific pieces of property were chargeable with. Further, it must be appreciated that the general principle that a law imposing a burden on a person or his property, out of the ordinary,—in derogation of the common law, must be construed in favor of the property owner, does not mean, necessarily, that such a law must be construed that way, or at all. A law is not to be examined, in the first instance, with the idea that it is to be construed, if claimed to impose an extraordinary burden on person or prop-

erty, so as to read out of it a meaning, if one can reasonably be found therein, which will defeat such purpose. It is only where there is real obscurity of meaning that judicial construction is legitimate. Ambiguity is not to be searched for or looked upon with favor in order to make way for construction. Right the reverse.

Again, even where obscurity exists in such a situation as respondent's counsel supposes to exist here, it is not the office of judicial construction to adopt a meaning if possible, or if reasonable from any viewpoint, which will defeat the municipal effort to impose the tax. If there are two or more reasonable meanings within the scope of the words, all things bearing on the question being considered, giving rise to some uncertainty respecting which was intended, then the one which does not impose the burden is to be taken rather than the one which does, but if after all, the latter is more reasonable than the former, it is to be accepted as speaking the legislative intent. The rule of strict construction insisted upon by counsel for respondent goes no further than indicated.

Really this is not a case for the rule of strict construction. The reassessment law was not one authorizing the imposition of burdens, but one to remedy the negligence and mistakes of public officers in not imposing burdens equitably and legally. It is a remedial statute rather than one restricting rights or imposing burdens and so should be liberally construed to further the purpose. *Cleveland v. Burnham,* 60 Wis. 16, 17 N. W. 126, 18 N. W. 190. It should at least be fairly construed, and sensibly construed in any event, conceding, for the point, that it is open to construction at all.

Having in mind that a statute must be found uncertain of meaning before judicial construction is proper, let us examine the law with reference to its subject matter. The language of an enactment may be somewhat obscure, when examined in its letter only, yet when read with reference to its subject and the mischief sought to be remedied, be perfectly plain, or too

plain to warrant resort to judicial construction to determine its meaning.

It must be conceded that the language of an enactment is to be taken in its general instead of particular or restricted sense, unless there is something to indicate, pretty clearly, that the latter was intended. The word "street," in its general sense, includes sidewalk areas; yet it is matter of common knowledge that such areas are devoted to a different use than that part of the street between the curbs, and, aside from exceptional cases, are improved under a different system as regards payment of the cost thereof. Rarely is it provided, or was it at the time of the enactment of the statutes in question, that the burden of such improvements should be laid, to the extent of benefits, on the abutting property. Generally speaking, the whole subject of special assessments for the improvement of streets dealt with in such statutes, other than in exceptional cases, is, or was at the time of their origin, foreign to the sidewalk matters.

Reading the law with reference to the situation indicated, yet recognizing the particular feature of the *Milwaukee* charter, and the fact that the term "sidewalk," except as to sodding along the same, was apparently with a purpose left out of the reassessment law, and the fact that words were used respecting the character of the improvements in the legislative mind specially appropriate to the street areas, between the curbs, and not ordinarily used respecting sidewalk areas,— it is the judgment of the court that the reassessment statute, pretty plainly, was not intended to deal with the latter. That result is arrived at, not by choosing between two reasonable meanings under the rule of strict construction urged upon the court's attention, but by what is considered to be the plain import of the law when read with reference to the situation and facts bearing on the subject, to which we have alluded.

*By the Court.*—The judgment is affirmed.