State ex rel. Milwaukee E. R. & L. Co. v. Braman, 172 Wis. 131.

trolling as against the express provisions of sub. 7, sec. 1436, Stats., *supra,* to repeal which we can find no sufficient indication of legislative intent.

This disposition of the matter is well within the former ruling of this court in the case of *Svennes v. West Salem,* 114 Wis. 650, 653, 91 N. W. 121, and we need look no further for authorities.

Other objections have been raised and argued by defendant upon this appeal, but we deem it best to dispose of the matter upon the one point decided herein.

*By the Court.*—Order affirmed.

=====

STATE EX REL. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent, vs. BRAMAN and another, Appellants.

*June 5—June 23, 1920.*

*Street railways: Construction of franchise: Franchise to lay tracks authorizes cutting sidewalk lines: Extension of city limits: Effect on extension of line: Street not wholly within city: Sidetracks and switches.*

1. A street railway franchise ordinance authorizing and requiring the extension of lines when the city limits are extended, and providing that the franchise should thereafter apply to the "operation" of those lines, permits the construction of turnouts, sidetracks, and switches along the extended lines.

2. Where such a franchise also authorized the construction of either single or double tracks along the specified streets, it authorized the construction of a single track along the part of the street controlled by the city when the corporate limits on one side only of the street were extended.

3. While in some cases ordinances granting franchises to utilities are to be strictly construed, they are not to be construed so strictly as to defeat the purpose for which the grant is made.

4. A street railway franchise to lay tracks in the street authorizes the cutting of the sidewalk lines, though they are not strictly in the streets, if that is reasonably necessary to proper construction of the tracks.

State ex rel. Milwaukee E. R. & L. Co. v. Braman, 172 Wis. 131.

5. Where a franchise ordinance authorized the construction of turnouts, sidetracks, and switches, the consent of the common council to the plans for such construction is not necessary in the absence of a requirement for such consent.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Affirmed.*

*Mandamus.* By order dated October 30, 1919, the railroad commission of Wisconsin ordered the relator to procure and place in service on its city and suburban system 100 additional cars on or before November 1, 1920. In order to place the cars in service it is necessary that incidental facilities for the housing, inspection, maintenance, and repair of cars be provided. For that purpose the relator maintains a station at the corner of National avenue and Twenty-second avenue, sometimes described as Layton boulevard, in the city of Milwaukee. This storage place or car barn is about 600 feet in length and 200 feet in width, and at the south end abuts on National avenue. In order to provide additional facilities for the cars ordered, it was necessary for the relator to connect its premises at the north end with Layton boulevard (see Exhibit B, p. 133).

The relator also proposed to connect its line on Hopkins road with its track on Twenty-seventh street, in the manner shown on defendants' Exhibit A (see p. 134). By secs. 1193 and 1194 of the Milwaukee Code, before the relator could do the work contemplated it was required to apply to the commissioner of public works for permit to disturb the pavement. Sec. 1194 provides:

"Upon application and payment of the deposit for which provision is hereinafter made, the commissioner of public works may in his discretion issue a permit to excavate or disturb the surface of any street, alley or public place between curb lines. . . ."

Upon the advice of the city attorney, the defendant, the acting commissioner of public works, refused to issue the permit.

State ex rel. Milwaukee E. R. & L. Co. v. Braman, 172 Wis. 131.

The ground upon which the city attorney advised the defendant to deny the permit is that the relator has no franchise which authorizes it to lay the proposed tracks, and no other reason is assigned.

The permit being refused, the relator commenced this action in the circuit court for Milwaukee county to compel the defendant to issue the required permit. The defendant

Exhibit "B"

State ex rel. Milwaukee E. R. & L. Co. v. Braman, 172 Wis. 131.

made a return to the alternative writ, by way of admissions and denials, and upon the issues so joined there was a trial before the court, the jury being waived.   Upon the trial the defendant offered no evidence and filed no briefs.   The

Exhibit "A"

trial court made no findings of fact or conclusions of law, but directed that a permanent peremptory writ of *mandamus* issue.    From the judgment of the circuit court entered thereon the defendant appeals.

For the appellant there was a brief by *Clifton Williams,* city attorney, and oral argument by *Mr. Williams* and *Mr. Joseph Bednarek,* assistant city attorney.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

ROSENBERRY, J.    In its effort to comply with the orders of the railroad commission requiring it to make the improvements described in the statement of facts, the relator is met by the refusal of the defendant to permit the work to be done.

It is the contention of the defendant that the relator has no franchise for the construction of turnouts, sidetracks, connections, or cross-overs on Twenty-second avenue.   This contention is based upon the following facts: The material part of the ordinance granting the franchise under which the relator claims is sec. 4 of the ordinance of January 2, 1900, which contains the following provision:

"Provided further, that in case of the extension of the city limits in the future, then said railway company is hereby authorized and obligated to make extension of any of its lines now or hereafter reaching the city limits as they now exist to the said city limits when so extended, . . . and when any such extension shall be made, all and singular the provisions of this ordinance relating to the operation thereof shall apply the same as though the provisions of this ordinance were made a part of the ordinance requiring such extension."

It is the contention of the defendant that under the provisions of this ordinance, when the relator extended its line beyond the old city limits, the right to construct "all neces-

sary and convenient tracks, turnouts, sidetracks, connections, cross-overs, and switches" was not included because of the fact that the word *operation* is used, and no word relating to the construction of the line is used in connection with it, and therefore only that part of the ordinance which relates to the operation of the line is applicable.

We think this is entirely too strict a construction to place upon the language of this ordinance, and that when under an ordinance adopted pursuant to the provisions of sec. 4 the relator was compelled to extend its lines in accordance with the provisions of sec. 4, the right to construct the necessary turnouts, sidetracks, connections, cross-overs, curves, and switches passed as an incident. *Brooklyn Heights R. Co. v. Brooklyn,* 152 N. Y. 244, 46 N. E. 509; *Detroit Citizens' St. R. Co. v. Board of Public Works,* 126 Mich. 554, 85 N. W. 1072.

The franchise situation at the intersection of Twenty-seventh street (a continuation of Twenty-second avenue) and Hopkins road is substantially as follows: In 1908 the company accepted a franchise to build a double track to Keefe avenue, which was then the northerly limit of the city. Since that time the city limits have been extended north of Keefe avenue on the easterly side of Twenty-seventh street, but on the westerly side of Twenty-seventh street the city limits are bounded by the lines of Keefe avenue, the east half of Twenty-seventh street above Keefe avenue being, therefore, within the city limits, and the west half being without the city limits.

On behalf of the defendant it is admitted that both of the improvements in question are necessary and reasonable and should be made. The contention of the defendant is that, because the relator accepted a franchise to construct a double track on Twenty-seventh street to Keefe avenue, it cannot construct a single track north of Keefe avenue, although admittedly the west side of Twenty-seventh street is not within the city limits, and the common council of the

city of *Milwaukee* could not grant a franchise therefor. By sec. 1 of the ordinance of January 2, 1900, the relator is granted "the right, permission and authority to lay, construct, maintain and operate a single or double track for street railways, for the carrying of passengers, with all necessary and convenient tracks, turnouts, sidetracks, connections, cross-overs, and switches," on the streets described in sec. 4. We have already called attention to the fact that, by the provision of sec. 4, in case of extension of the city limits the relator was required to make an extension of any of its lines reaching the city limits as they had existed, to the city limits as extended.

We consider this provision of the ordinance applicable here, and the mere fact that a double track cannot be constructed under the franchise does not prevent its operating in that part of the streets of which the city of *Milwaukee* has jurisdiction and authorizes a single track to be constructed therein.

While ordinances granting franchises to utilities are in some cases to be strictly construed, they are not to be so construed as to defeat the purpose for which the grant is made. It is contended, however, that a franchise to construct street-car tracks in a street, together with switch tracks, sidetracks, cross-overs, curves, and connections, does not include the right to cut the curb and lay constructions in the sidewalk, because in Wisconsin, and particularly in *Milwaukee*, a sidewalk is not included in the words "street, alley, or part thereof." *Abbot v. Milwaukee,* 148 Wis. 26, 134 N. W. 137. *Abbot v. Milwaukee* was a case involving the right of reassessment for sidewalk improvements made by the city, and it was held that while in its general sense "street" includes sidewalk areas, the words "paving or re-paving any street or alley or part thereof" as used in sec. 1210d of the Statutes was not intended to cover, and did not cover, sidewalk improvements. Such holding has no application to the facts in this case.

The city of *Milwaukee* is authorized by sec. 1862, Stats., to grant franchises for the use of public streets "for the purpose of laying single or double tracks and running cars thereon for the carriage of freight and passengers, . . . with all necessary curves, turnouts, switches, and other conveniences." We are of the opinion that the granting of a franchise by the city of *Milwaukee* to lay tracks necessarily includes as an incident to the grant the right to connect the tracks by means of necessary curves and switches, including the right to cut a sidewalk where that is reasonably necessary for the enjoyment of the right granted.

It is the contention of the defendant that, before such structures are erected in a street, the plan therefor should be approved by the common council and made subject to such conditions as the common council may determine in the interest of the public safety. We find no such requirement, and our attention is called to none.

*By the Court.*—Judgment affirmed.