CASH CROPS CO-OPERATIVE, Respondent, vs. MINNESOTA VALLEY CANNING COMPANY, Appellant.

*October 4—November 8, 1950.*

The cause was submitted for the appellant on the brief of *Maurice Hessian* of Minneapolis, Minnesota, and *Lueck, Skupniewitz & Lueck* of Beaver Dam.

For the respondent there was a brief by *Riley, Riley & Riley,* and oral argument by *Donald D. Willink* and *Dale R. Thompson,* all of Madison.

FRITZ, C. J.  Plaintiff's first-cause of action is for a breach of contract by defendant.  Plaintiff alleges:

That it is a Wisconsin co-operative association composed of farmers in Wisconsin, and that defendant is a Minnesota corporation engaged in processing canning crops, including peas, in Wisconsin; that in 1948, pursuant to sec. 185.08, Stats., plaintiff entered into uniform membership and marketing agreements with its members, whereby plaintiff acts as collective-bargaining agent for its members in the sale of specified crops, including peas, which agreements were duly recorded in the proper counties, and provide by way of partial assignment for payment by the buyer of said crops to plaintiff from the sale of crops covered by said agreements, of such amounts not to exceed one per cent of the gross receipts for any crop, as fixed by plaintiff's board of directors; that said board in 1948 fixed such partial assignments at one per cent; that plaintiff duly certified to defendant the names of plaintiff's members who grew cash crops for defendant and who signed said agreements and communicated to defendant the amount of such partial assignments; that in 1948 said members sold and delivered to defendant green peas grown by them and received therefor from defendant the gross amount of $93,815.78; and that plaintiff is entitled to one per cent thereof or $938.16, but defendant has neglected and refused to pay said amount to plaintiff.

The second cause is an action in tort.  In addition to the allegations in plaintiff's first cause of action, it alleges:

That during the year 1948, defendant, through its officers and employees entered upon a course of conduct designed to interfere with the organizational activities of plaintiff, and knowingly induced, and attempted to induce, and aided, members of plaintiff, to sever their contractual-membership relations with plaintiff, and induced, and attempted to induce, and aided, members of plaintiff to breach and disregard the terms of the membership and marketing agreements which they have executed and which have been duly filed, and of which defendant has had knowledge; and that as a proximate result of said acts and omissions of defendant plaintiff sustained $938.16 damages during 1948; and that it is informed

and believes defendant will continue to induce, and attempt to induce, and aid members of plaintiff to breach and disregard the terms of the membership and marketing agreements which they had executed; and that defendant will in the future neglect and refuse to honor and recognize the assignment provisions of the said marketing and membership agreements which have been duly filed and of which defendant has knowledge.

Plaintiff prays for judgment that defendant and its officers and employees be restrained from interfering with plaintiff's operations or organizational activities and from attempting to induce, or in aiding in the breach of said contracts, or inducing, influencing, coercing, or interfering with its members in any manner injurious to plaintiff's interests; and for an order that defendant hereafter honor and recognize the provisions of membership agreements executed by plaintiff and its members, including the partial assignments therein in favor of plaintiff, so long as they remain in force; and for judgment for $938.16 on the first cause of action; and in the event that such is not ordered, then for judgment in the alternative on the second cause of action in like sum, with costs.

Plaintiff's first cause of action is based upon sec. 185.08 (5), Stats.; and its second cause of action is based upon sec. 185.08 (6), Stats. And as the plaintiff is a co-operative association under the provisions in sec. 185.08, Stats., there is applicable the provision in sec. 185.08 (9), Stats., that,—

"The proper place of trial of any action by or against an association under the foregoing provisions of this section shall be the county where such association has its principal office, according to its articles of incorporation."

The two causes of action alleged and united in the same complaint clearly affect the same parties, who constitute all of the parties to the action; those causes of action do not require different places of trial; and they are stated separately in the same complaint. Consequently the uniting thereof in

the same complaint and action is authorized by the provisions in sec. 263.04, Stats., that,—

"The plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both. But the causes of action so united must affect all the parties to the action and not require different places of trial, and must be stated separately."

As the words and language in sec. 263.04, Stats., are plain and unambiguous, and clearly express the legislative meaning and intent, there is no need or occasion for interpretation or the application of other rules for judicial construction. *Gilbert v. Dutruit,* 91 Wis. 661, 65 N. W. 511; *State ex rel. Heyl v. Hinkel,* 139 Wis. 41, 119 N. W. 815; *Abbot v. Milwaukee,* 148 Wis. 26, 134 N. W. 137; *State ex rel. U. S. F. & G. Co. v. Smith,* 184 Wis. 309, 316, 199 N. W. 954; *Julius v. Druckrey,* 214 Wis. 643, 254 N. W. 358. It suffices to add that "We are disposed here as elsewhere to give statutes regulating procedure a liberal interpretation." *Wisconsin Creameries, Inc., v. Johnson,* 208 Wis. 444, 448, 243 N. W. 498.

Consequently the order overruling defendant's demurrer must be affirmed.

*By the Court.*—Order affirmed.