ROSWELL ALLEN, Plaintiff in Error,

*vs.*

ASHBEL LEE, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

*Semble.* That an appearance by a defendant for the sole purpose of objecting to the service, or the want thereof, is not a waiver of service, or of process, or of any defects therein.

Where the plaintiff in attachment, by which lands were attached, and the defendant therein was not served, failed to give notice of the pendency of the suit by publication or otherwise, within thirty days after the return of the writ, the attachment was dismissed.

The plaintiff sued out an attachment in the county court of Dane county on the 17th day of November, 1853, against the defendant, and the writ was levied upon lands on the 19th day of November, 1853. At the return term of the writ, February, 1854, the defendant moved the court to dismiss the writ for insufficiency of the affidavit; which motion was sustained, and an alias writ allowed and issued, returnable on the first Monday of May, 1854, and served upon the same lands as the former writ.

On the first day of June, 1854, the defendant filed the motion to dismiss the attachment, which is copied in the opinion of the court, pending which the cause was transferred to the circuit court, when the motion, being called up, was sustained, and a judgment rendered against the plaintiff for costs.

*Knapp and Frink*, for plaintiff in error.

*Vilas, Roys and Pinney*, for defendant in error.

*By the Court*, WHITON, C. J. The bill of exceptions in this case states that " on the 16th day of May, A. D., 1855, at the April term of said court, the above entitled cause was pending in said court, the same having been transferred from the county court of Dane county by operation of the statute, the following motion appearing and remaining on the files of said court, was called up and argued, to wit: " And " now at this day comes the said defendant, Ashbell Lee, by " Vilas, Roys & Pinney, his attorneys, and moves the court " to dismiss the attachment herein, for the reason that the said " defendant has not been served with any process in this " cause, and more than thirty days have elapsed since the " return of the writ of attachment issued herein ; and though " lands were attached by the said writ, the said plaintiff has " wholly failed to give notice of the pendency of this suit " by publication or otherwise, to this defendant, as by law in " that behalf required.

" And the said circuit judge did then and there give his " opinion, and decide to dismiss the writ of attachment herein, " and did then and there order that said motion be, and the " same was thereby sustained."

The above is all of the bill of exceptions which is material. We are of opinion that it discloses no error of the judge. The counsel for the plaintiff in error contends that the appearance of the defendant in the county court was a waiver of any irregularity in the service of the writ of attachment, and that no affidavit was necessary to justify the issuing of the writ. We do not think we are called upon to decide whether an appearance in the suit would operate as such waiver or not; because it does not appear that the defendant did appear for any other purpose than to make the motion to dismiss.

Nor shall we decide whether an affidavit was necessary or not, because that was not made a question in the circuit court.

We have copied the bill of exceptions, and all that appears by that is, that the judge sustained the motion to dismiss the suit. The statute provides, (R. S. Chap., 112, § 17,) that if it appears that any property has been attached, and that the

Allen vs. Lee.

defendant could not be found, the plaintiff shall, within thirty days after the return of the writ, unless the defendant shall sooner appear, cause a notice to be published, &c., and that if he shall neglect to cause such notice to be published, the attachment shall be dismissed with costs.

It will be seen that the motion which the judge decided, was founded upon this section of the statute. The return of the sheriff to the writ shows that land was attached, and also that the defendant was not served with process.

There is nothing in the case which shows that there was any appearance of the defendant except to object to the regularity of the proceedings. It hence became the duty of the plaintiff to publish a notice as the statute above referred to prescribes. The counsel for the plaintiff in error claims that the time to publish had not elapsed when the motion to dismiss was filed; but of this there is no evidence. The judge must have sustained the motion on the ground that this provision .of the statute had not been complied with ; and in the absence of all proof to the contrary we must hold that he decided correctly.

We must therefore affirm the judgment.