Blackburn and another vs. Sweet, impleaded.

. 38 | 578
. 76 | 335
38 | 578
91 | 384
38 | 578
92 | 672

# BLACKBURN and another vs. SWEET, imp.

WAIVER OF DEFECT IN SERVICE OF SUMMONS : (1) *By general appearance; what constitutes.* (2) *Case stated.*

JUDGMENT IN FORM AGAINST JOINT DEBTORS, *when part only served with process.* (3) *Should not be rendered without proof of diligence to obtain service on all.* (4) *What it should show on its face.* (5, 6) *When it should be wholly set aside on motion of defendant not served.*

1. Where a motion to set aside a judgment is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly upon the ground of mere irregularities consistent with the fact of jurisdiction, and which imply its existence, this constitutes a *general appearance*, and a waiver of any defect in service of process.

2. This action being on a joint indebtedness of X. and Y., the latter moved to set aside the judgment, execution and levy thereon, because the summons and complaint were not served upon him; because the execution was issued jointly against him and X.; because it was not indorsed, "process not served on Y.;" and because the record fails to show jurisdiction to render judgment against Y. *Held*, that there was no waiver of the defect in the service of process.

3. In an action against joint debtors, where the summons has been served upon only a part of them, judgment in form should not be rendered against all, enforceable against their joint property and against the separate property of those served (R. S., ch. 124, sec. 18), until it is made to appear (by the return of the officer, or by the affidavit of the person attempting to make the service) that *reasonable diligence* has been used to obtain service upon all the defendants.

4. *It seems* that a judgment in form against all the defendants in such a case, should state that it is upon a *joint* liability, and should also state upon what defendants service has been had; so as to show upon its face against what property execution will go, and upon what real estate the judgment will be a lien.

5. The only proof as to service of process in this case was an indorsement on the original summons and complaint, admitting service thereof, to which one of the defendants signed his own name and also signed the name of the other defendant as *by* him. *Held*, that as the judgment falsely recited that the summons had been personally served upon both defendants, and as there was no evidence of any effort to obtain personal service on one of them, there was no error in setting it aside *wholly* (with the execution and levy thereon), on motion of the defendant not served.

6. Whether, if it should be made to appear, when the cause is remitted to the circuit court, that the defendant not served *could not be* served with process, and that reasonable efforts were made for that purpose, that court might not, on proper application, proceed to render a judgment in proper form, is not here determined.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought against Benjamin F. Sweet and *Hannibal L. Sweet*, as copartners, upon two promissory notes and the balance due on an account. Judgment as upon default was obtained February 26, 1874, at a special term. At the July term following, a motion was made by *Hannibal L. Sweet* to set aside the judgment, execution and levy, on grounds which are fully stated in the opinion. The plaintiffs asked the court to amend the judgment so that it should stand against the joint property of the defendants, and the separate property of B. F. Sweet. This motion was denied, and the motion to set aside granted; and the plaintiffs appealed.

*Hauser & Colman*, for appellants :

1. The respondent's general appearance waived any defects of service. He should have appeared specially to take advantage of any defect in service of process, and for that purpose only. *Lowe v. Stringham*, 14 Wis., 222; *Oron v. Krones*, 17 id., 401; *Upper Miss. Transp. Co. v. Whittaker*, 16 id., 220; *Ames v. Winsor*, 19 Pick., 247; *Alderson v. White*, 32 Wis., 308; *Grantier v. Rosecrance*, 27 id., 488; *Anderson v. Coburn*, id., 558; *Stonach v. Glessner*, 4 id., 275. 2. B. F. Sweet has never appeared nor asked to have the judgment against him set aside, and the court should have amended so that it might stand against the joint property of the defendants and the separate property of B. F. Sweet. It had the power to so amend. Tay. Stats., ch. 125, §§ 41-44.

*E. S. Bragg*, for respondent :

1. Every suitor must have his day in court. 2. To acquire jurisdiction to enter a judgment, the court must obtain jurisdiction over the person, by voluntary submission, or by service

evidenced in some way known to the law.    In this case no such jurisdiction was acquired in any manner.

COLE, J.    This is an appeal from an order setting aside a judgment.    The judgment was set aside because it appeared from the record that the court never acquired jurisdiction over the moving party.    The action was for a partnership debt, and the defendant Benjamin F. Sweet admitted service of the summons and complaint for himself, and also for his codefendant, *Hannibal L. Sweet.*    The latter moved, upon the record, to set aside the execution and levy made thereunder, and the judgment entered in the action, because the summons and complaint were not served upon him; and because the execution was issued jointly against him and his codefendant; and because the execution was not indorsed, " process not served on this defendant;" and because the record fails to show jurisdiction in the court to render judgment in the action against this defendant.

The first point to be considered is the question of waiver. The counsel for the plaintiffs insist that the defendant by his motion made a general appearance in the cause, and therefore waived all defects in the service of process.    It is said that the rule is, that when a party seeks to take advantage of want of jurisdiction he must object on that ground alone, and keep out of court for every other purpose.    A number of decisions of this court are relied upon to sustain this position.    The principle to be extracted from these decisions is, that a motion to set aside a judgment which is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly upon grounds of mere irregularities in the rendition of the judgment consistent with the fact of jurisdiction and which imply its existence, amounts to a general appearance.    That is, where the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and person, this is a submission to the jurisdiction, and waives

all defects in the service of process. This seems to us to be a reasonable rule — one which adequately protects the rights of parties, and which is laid down and sanctioned in the decisions to which we are referred on the brief of plaintiffs' counsel.

In the motion in this case no relief was asked the granting of which would be inconsistent with an entire want of jurisdiction. True, the defendant asked that the execution and levy made upon it be set aside for the reasons assigned. But though this relief asked was for something which occurred in the cause after the service of process, still it was entirely consistent with the claim that there was no judgment upon which the execution could issue because the court had no jurisdiction to render it. The defendant by his motion appeared for no purpose incompatible with the supposition that the court had acquired no power or jurisdiction over him on account of defective service of process; and we therefore think there was no waiver of the defect of jurisdiction.

But it is objected that the court erred in setting aside the judgment not only as against the defendant making the motion, but also as against the other defendant, who admitted service of process and who did not ask the same to be set aside. This calls for an examination of the nature and effect of the judgment, which, it seems, was rendered on this joint indebtedness when process was served only on one of the joint debtors, and it does not appear that diligence was used to get service on the other defendant.

Our statute provides that where the action is brought against two or more persons jointly indebted, and the summons is served on one or more but not on all of them, the plaintiff may proceed against the defendant served unless the court shall otherwise direct; and if he recover judgment, it may be entered in form against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendant served. Sec. 18, ch. 124, R. S. This provision is doubtless

borrowed from the statutes of New York (2 R. S., N. Y., p. 391, Edmonds' ed.); and *its* origin and history, and the objects to be accomplished by its enactment, are fully stated and pointed out by the judges in the opinions in *Oakley v. Aspinwall*, 4 N. Y., 514. "By the common law," says MULLETT, J., in that case, "no judgment could be given for or against a party who was not in court, that is, who had not actually or constructively appeared in the suit. So inflexible was this rule considered in a country where great deference is paid to commercial credit, and great rigor used in the enforcement of pecuniary obligations, that a plaintiff, in an action against joint debtors, could not recover a judgment against any of them, even to reach their joint property, until they were all, if living, brought into court, or those who could not be brought into court, were outlawed. To avoid the inconvenience, delay and expense of proceeding to outlawry, an easier, more expeditious and cheaper mode of proceeding was provided by this statute." p. 524. The fundamental principle of our law, that no person shall be deprived of his rights or property before he has had an opportunity to be heard in his defense, is departed from in this provision so far only as to authorize a judgment to be entered in form against all the defendants jointly indebted, which may be enforced against the joint property of all. But to accomplish that end in case jurisdiction cannot be acquired by service of process upon all the defendants, this proceeding is authorized, which is confessedly a substitute for the proceeding of outlawry at common law. Now the method taken by the law to compel the defendant to appear in court, or, in case he absconded or kept out of the way of the service of *capias*, the proceeding by outlawry against him, need not be dwelt upon. It is sufficient to say that the sheriff used reasonable efforts to find the defendant, and, not finding him in his jurisdiction, he made return, *non est inventus*, on his writ, and then other steps were taken. See 3 Black. Com., 280; *Mason v. Denison*, 11 Wend., 612; *S. C.*, 15 id., 65. And we have no doubt that

under the provisions of our statute reasonable diligence should be used to obtain service upon all the defendants, and this should be made to appear, either by the return of the officer or from the affidavit of the party attempting to make service, before the judgment in form is entered against all the defendants jointly indebted. In the present case there is nothing whatever to show that any diligence was used to find the defendant *Hannibal L. Sweet*, or that service of process could not be had upon him. The only proof there is in the record in regard to service of process, is an indorsement on the original summons and complaint as follows:

"Service of the summons and complaint admitted this 31st day of January, 1874. B F. SWEET.

"H. L. SWEET by B. F. SWEET."

This is all there is upon the matter of service of process, and it surely fails to show that any efforts were made to find *Hannibal L. Sweet*, or that personal service could not have been effected upon him. Due and reasonable diligence should be used in all cases to make service upon all the defendants, before a judgment is entered which can be enforced against the joint property of a partner not before the court. And we are inclined to think that properly the judgment should state upon what defendant service was in fact had, and that it was rendered upon a joint liability. The statute provides that the judgment may be enforced against the joint property of all the defendants and the separate property of the defendant served. When the judgment is entered as above indicated, it will show upon its face against what property the execution may go, and upon what real estate it becomes a lien. In this case, the judgment falsely recited that the summons and complaint had been "personally served on the defendants Benjamin F. Sweet and *Hannibal L. Sweet.*" This would appear to be a judgment which might be enforced against the goods and lands of the moving party; and this afforded a sufficient ground for setting it aside on his application. For the exe-

cution, regularly and properly conforming to the judgment, would run against his separate property. At all events, the judgment, as it was entered, was a lien upon his property, when the statute did not provide that it should have any such effect.

It is said that the court should not have vacated the judgment, but should have amended it so as to make it a judgment in form against both defendants jointly indebted, so that it might be enforced against their joint property and the separate property of Benjamin F. Sweet. If it were made to appear that the defendant *Hannibal L. Sweet* could not be served with process, after reasonable efforts were made for that purpose, on application to the circuit court perhaps the proper judgment might be entered. But that is not a question before us, and we therefore express no opinion upon it. If a motion is made to that court to enter a proper judgment under this statute, doubtless the court will exercise a sound judicial discretion in the matter. As the case stands upon the record, we can only affirm the order.

*By the Court.* — Order affirmed.