Sanderson and others vs. The Ohio Central Railroad and Coal Co.

SANDERSON and others vs. THE OHIO CENTRAL RAILROAD AND COAL COMPANY.

*November 25 — December 16, 1884.*

*Special appearance: Waiver of defective service of summons.*

Upon an affidavit stating that he appeared specially for the single purpose of objecting to the jurisdiction of the court the defendant's attorney obtained an order that the plaintiff show cause why an order should not be made setting aside the service of the summons and dismissing the action for want of service, or restraining any further proceedings until the summons should be served, "or such other or further order as the court shall deem meet to protect the rights of said defendant." The order to show cause recited that "the defendant appears specially for the purpose of the motion and rule, and not generally, nor for any other purpose." *Held*, that there was no general appearance or waiver of defects in the service of the summons.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

*Hugh Ryan*, for the appellants.

For the respondents there was a brief by *Wells, Brigham & Upham*, and oral argument by *Mr. Brigham*.

TAYLOR, J. This is an appeal from an order setting aside and vacating the service of the summons in the action. It is

not contended by the attorney for the appellants that the court below erred in holding that there never had been any proper service of the summons in the action upon the respondent company; but it is insisted that the respondent had, by its attorney, appeared generally in the action, and that such appearance waived all irregularities in the service of the summons, and for that reason the motion to set aside and vacate the service should have been denied.

We agree with the learned circuit judge that there was no general appearance in the action by the respondent, as contended for by the appellants. The affidavit of the respondent's attorney, upon which the order to show cause was founded, states, among other things, "that the deponent makes this affidavit on behalf of said corporation because it has no officer in this state, and because J. E. Martin is not a resident of this state, and is not in this state. This deponent expressly declares that he does not appear generally in the action for said corporation, or in any way waive the defective service of the summons; but he appears specially, for the single purpose of objecting to the jurisdiction of this court for want of service of summons." This declaration of the attorney for the respondent is very clear as to his intention not to appear generally in the action, and must be conclusive upon that question unless there be something else in the record which clearly shows that such declaration of intention is in conflict with his subsequent acts as the attorney of respondent.

The learned counsel for the appellants claims that in the order to show cause, founded upon this affidavit, the respondent asks for relief which is inconsistent with the idea that the court has no jurisdiction of the respondent for want of service of the summons, and it must therefore be considered as in court, appearing and asking for relief which can only be granted upon the theory that the court has jurisdiction of the person of the respondent. The learned

Sanderson and others vs. The Ohio Central Railroad and Coal Co.

counsel for the appellants relies upon that part of the order which asks for relief as sustaining his point. After reciting the time and place for hearing, the order to show cause proceeds to ask relief in these words: "Why an order should not be made setting aside the service of the summons herein, and dismissing this action for want of service of the summons, or restraining any further proceeding in the same until the summons shall be served, or such other or further order as the court shall deem meet to protect the rights of said defendant." It is said by the learned counsel that these words are sufficiently general to justify the court in granting relief other than setting aside the service of the summons and which would be consistent with the general appearance of the defendant in the action. When the order to show cause is read in connection with the affidavits upon which it is founded, it will very clearly appear that no relief could be granted thereon except the setting aside of the service of the summons in the action, as there is no ground laid in the affidavits for any other relief therein; certainly for no other relief except such as would be proper to grant as a consequence of setting aside such service. The order to show cause also recites that the "defendant appears specially for the purpose of the motion and rule, and not generally, nor for any other purpose."

In order to make an appearance of this kind a general appearance in the action, after such reiterated declarations that it did not so appear, but appeared specially to move to set aside the service of the summons, there must be some step taken by the defendant, or by its attorney, which clearly recognizes the jurisdiction of the court over the person of the defendant. There is nothing in the order to show cause which indicates a purpose on the part of the defendant to ask for any relief except such as is consistent with the want of jurisdiction of the court over the person of the defendant, and the affidavits upon which the order is based

lay no foundation for any relief except the setting aside the service of the summons. The rule laid down by this court in the case of *Blackburn v. Sweet,* 38 Wis. 578, is the true rule which must govern cases of this kind. The rule is stated by the court in that case as follows: "When a motion to set aside a judgment is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly on the ground of mere irregularities consistent with the fact of jurisdiction and which imply its existence, this constitutes a general appearance and a waiver of any defect in the service of process." Tested by that rule there was no general appearance of the defendant in this action.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.