Pride vs. Weyenberg.

Pride, Respondent, vs. Weyenberg, Appellant.

*September 3 — September 27, 1892.*

*Action, legal or equitable? Injunction: Right to possession of property: Appealable order.*

1. An action in which the complaint alleges that the doing of certain acts threatened by defendant would render property in plaintiff's possession valueless and subject him to irreparable loss, that a multiplicity of vexatious suits would necessarily result, and that plaintiff has no adequate remedy at law,— the prayer being for a perpetual injunction, for damages, and for general relief,— is *held* to be an equitable action.

2. In such action plaintiff alleged possession of the property merely, without other allegation of right. Defendant admitted such possession, but alleged that it was wrongful and that he himself was acting by authority of the true owner, who was entitled to possession. *Held,* that an inquiry as to plaintiff's right of possession was material and should have been allowed upon the examination of plaintiff under sec. 4096, R. S.

3. The commissioner before whom plaintiff was so examined ruled that plaintiff's right of possession should not be inquired into. The court denied, with $10 costs, defendant's motion to set aside such ruling and to direct the commissioner to allow such inquiry. *Held,* that the order was appealable.

APPEAL from the Circuit Court for *Outagamie* County. The complaint in this action is, in substance, that the plaintiff was, and had been for several years past, in the possession of the Champion Pulp Mill, and the water-power used to operate the mill, and the tailrace appurtenant thereto, over which the water used to drive the mill passes in its escape from the wheels, and had expended considerable money in equipping the mill with necessary machinery and implements for the manufacture of pulp from wood; that the lessening of the water-power by lowering the head of water above the mill, or holding back the flow of the water from it or raising the water in the tailrace, would seriously impede the running of the mill, so as to practi-

Pride vs. Weyenberg.

cally destroy its producing power; that the defendant made preparation to wrongfully enter upon said premises and build a series of dams in and across said tailrace at several distinct points, and had so entered to dispossess the plaintiff, and commenced to build said dams, the effect of which would be to dam up and hold back the water flowing in said tailrace upon the wheels of the mill, which would destroy all the productive power of the mill; that the plaintiff has no adequate remedy at law for the alleged wrongful acts, and that the injuries would necessarily result in a multiplicity of vexatious suits. The prayer is for a continuation of the temporary injunction already granted, restraining the defendant's acts, and that it be made perpetual, and for the recovery of $25 damages, etc., and for general relief. The plaintiff set up no title whatever save that of naked possession.

The defendant, admitting such possession, alleged that he attempted to build a cofferdam at a distance of about 350 feet below plaintiff's mill at a point where the building of the same would not, to any appreciable extent, interfere with the running of the mill or raise the water in the tailrace; that he still proposes and intends to build said dam so as not to injure the Champion Pulp Mill nor raise the water in the tailrace, under a contract with the Green Bay & Mississippi Canal Company, the owner of the Champion Pulp Mill and of the property in question. And the defendant set forth in the fourth paragraph of his answer that the premises and power in question are not the property of the plaintiff, and, although he is in possession of the same, his possession is wrongful, with no right to use said property for any purposes whatever, and no right to the benefit of running the same or to maintain any action for its protection; that the Green Bay & Mississippi Canal Company is entitled to the possession of said mill, and is the only party having a right to maintain any action to protect it.

Pride vs. Weyenberg.

The plaintiff was summoned for examination before a court commissioner, under sec. 4096, R. S., and testified that he derived or acquired his right to the possession of the property described in his complaint from the Green Bay & Mississippi Canal Company; that he was there holding possession of this property under an agreement for a lease, and, on being asked if that agreement was in writing, the question was objected to as immaterial and irrelevant. The commissioner sustained the objection, and ordered "that the examination of witness be confined and limited to other matters set forth in the answer herein, and be excluded as to matters stated in paragraph four of the answer." The defendant excepted to the ruling, and, at his request, the commissioner certified and reported the deposition to the court. The defendant moved before the circuit judge for an order overruling and setting aside said rulings and order of the commissioner, and for an order directing him to proceed with said examination and to permit and allow full and complete examination, especially concerning the right of possession of the plaintiff to the premises described in the complaint. Upon the hearing of the motion, it was denied by an order of the court reciting that, "it appearing that the ruling of the court commissioner was right in this instance, and that the question of how and in what manner or by what right the plaintiff holds possession (such possession being admitted) is immaterial;" and the defendant was ordered to pay plaintiff $10, costs of the motion. The defendant appealed from this order.

For the appellant there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*.

For the respondent the cause was submitted on the brief of *H. Pierce*. He contended, *inter alia*, that the action is one for trespass and to recover damages, the injunction being obtained under the general provisions of sec. 2774,

R. S. The defendant, having forcibly invaded plaintiff's possession, cannot in this action require him to show title or anything more than bare possession. R. S. sec. 3360; *Bates v. Campbell*, 25 Wis. 613; Sedgw. & W. Tr. Tit. Land, secs. 717, 718; *Winterfield v. Stauss*, 24 Wis. 394; *Bracken v. Preston*, 1 Pin. 365, 368.

PINNEY, J. 1. From an examination of the allegations of the plaintiff's complaint and his prayer for relief, it is obvious that the action is an equitable one, with a claim for damages as incident to the relief prayed, and not a legal action with an injunction as a mere provisional remedy. It charges, in substance, that the doing of the alleged wrongful acts upon which the defendant has entered, and which he intends to consummate, "will destroy and make valueless the plaintiff's property, and subject him to irreparable loss and damage;" and that a continuance or repetition of such wrongful acts will necessarily result in a multiplicity of vexatious suits; and he prays for a *perpetual* injunction and for general relief. *Fraedrich v. Flieth*, 64 Wis. 184.

2. The only title or foundation for relief stated in the complaint by the plaintiff is mere possession, without any other allegation of right. The defendant, admitting the fact of plaintiff's possession, sets up that it is wrongful and with no right to use the property for any purpose whatever, and that the defendant is acting by the authority of and under a contract with the Green Bay & Mississippi Canal Company, the true owner, and that it is entitled to possession.

A mere naked possession, without any other right or title, is not sufficient to entitle the party having it to maintain a suit in equity against the true owner, entitled to possession, as for a nuisance or to redress repeated alleged injuries to such possession which will result in a multiplic-

ity of suits; his remedy for any injury to his possession is by a legal, and not an equitable, action. *Denner v. C., M. & St. P. R. Co.* 57 Wis. 218. Certainly, under the issue before us, in which the defendant claims to be not a mere wrongdoer, but to be proceeding under the authority of the real owner, who is alleged to be entitled to possession, the rightfulness of the plaintiff's possession is, at least, a material subject of inquiry. If the plaintiff has not a continuing lawful right to the possession of the premises, how can it be maintained that he has a right to exclude the real owner entitled to possession, or any one acting under his authority, or to ask a court of equity to become a party to his continued wrong by restraining the defendant from exercising acts of ownership over the premises? or how can he claim an injunction on the ground that he will be vexed with a multiplicity of suits by reason of threatened acts of the defendant in the future? If the plaintiff's possession is wrongful, and the defendant is acting under the authority of the real owner, and entitled to possession, a court of equity will not assist the wrongful occupant by injunction, as against the rightful owner or his representative. The court commissioner, and the circuit court as well, were in error in holding that the inquiry proposed to the plaintiff on his examination after issue joined, under sec. 4096, R. S., was immaterial. The defendant had a right to show by the plaintiff that his possession was unlawful, and that it was one which he could not be allowed to assert as against the real owner, or the defendant, acting under him and in his right.

Whatever the rights of the parties may be at law in an action for forcible entry and unlawful detainer, a court of equity will not extend the extraordinary remedy by injunction in aid of a wrongful occupant, as against one injuriously affected by his wrongful possession.

3. The order denied the defendant's motion in respect to

a matter in which his position was well taken, and ordered the defendant to pay the plaintiff $10 costs of the motion. The defendant is thus required to indemnify the plaintiff for obtaining a wrong decision in the circuit court against him, and the case is thus brought within the principle of *Cleveland v. Burnham*, 60 Wis. 16, 20. The order is, on this ground, appealable, and the order, being erroneous in this respect, must be reversed.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded.