KINGSLEY, Respondent, vs. THE GREAT NORTHERN RAILWAY COMPANY, Appellant.

*October 25 — November 8, 1895.*

*Appealable order: Costs: Jurisdiction: Special appearance: Service of summons.*

1. An order dismissing, with $10 costs, a motion to set aside the service of a summons was appealable, the appeal having been taken before ch. 215, Laws of 1895 (prohibiting appeals when the amount adjudged is less than $100), took effect.

2. A notice stating that attorneys appeared specially for defendant for the purpose of the motion only, and would move that the service of the summons be vacated and the action be dismissed *with costs,* is *held* not to be a general appearance, the claim for costs being construed as a claim for such costs only as might be proper on granting the motion.

3. A freight agent of a combination of several railway companies for securing and sharing freights is not an agent of one of said companies separately so that the summons in an action against that company could be served upon him.

APPEAL from an order of the circuit court for Dodge county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

This is an appeal from an order of the circuit court for Dodge county, dismissing a motion on the part of the defendant to set aside the service of the summons in the action for want of proper service, with $10 costs to be paid by defendant to the plaintiff. The return of the sheriff of Douglas county upon the summons was that December 31, 1894,

at the city of Superior in said county, he had "served the within summons on the within named defendant, the *Great Northern Railway Company*, by delivering to and leaving with P. L. Clarity, the agent of said company personally, a true and correct copy of summons," etc. The defendant, by its attorneys, Murphy & Remington, gave notice to the plaintiff's attorneys of a motion stating that they "appeared specially for the *Great Northern Railway* in the action, for the purpose of the motion only, and that upon affidavits annexed, and upon the summons returned and proceedings therein, we, so specially appearing, shall move on," etc., "for an order that the service of the summons be vacated, and the action be dismissed, *with costs*, for the reason that the summons was not served upon any officer, agent, servant, or employee, or upon any person in any manner a representative, of the *Great Northern Railway Company*, but, as the fact is, such service was had on one P. L. Clarity, a local freight agent of the Eastern Railway Company of Minnesota, and not in any manner a representative of the defendant, with the costs of motion."

The affidavits of W. P. Clough, the vice president of the defendant, and of the said Clarity, explicitly and positively sustain the grounds laid in the notice. The affidavits of Michael May, John D. Coleman, and J. E. Malone were read in opposition, tending to show that said Clarity, upon whom the summons was served, was a freight agent of the Eastern Railway Company of Minnesota, and that he acted and advertised and held himself out to others as a freight agent of the "Great Northern Railway Line." A receipt for freight, signed by said Clarity as agent, or by some clerk acting for him, was an exhibit to the effect that certain freight had been received at West Superior by the Great Northern Railroad for shipment. It appeared in the reply, from the affidavit of Edmund Twohy, an officer of the Twohy Mercantile Company, that it had been engaged in a

general wholesale grocery business at West Superior, and
made consignments over the various railroad lines coming
to that point, and that for its own convenience in said busi-
ness it had prepared and printed freight receipts to be given
by said several companies, and that the railroad companies
had nothing to do therewith; that the receipt produced was
prepared by said company to be used for goods shipped over
the Eastern Railway Company of Minnesota, under the im-
pression that the *Great Northern Railway Company* ran its
line into Superior, and that it was operated under the name
of the Eastern Railway Company of Minnesota, and for that
reason deponent had said form headed "Great Northern
Railroad;" and upon information and belief he stated that
the *Great Northern Railway Company* did not run any line
into Superior, but that the Eastern Railway Company, a
Minnesota corporation, operates its distinct line of railroad
between Superior and St. Paul, and, with other railway
corporations, between Superior and the Pacific coast, com-
ing within the scope of the descriptive term of the "Great
Northern Railway Line." A further affidavit of the said
Clarity is to the same effect, and that the receipt produced
was not signed by him, but was presented to and signed by
the warehouseman of the Eastern Railway Company of
Minnesota at West Superior, who had no authority to sign
deponent's name, and that said warehouseman was not a
servant, agent, or employee of the defendant company; that
the said Eastern Railway Company comes within the de-
scriptive heading of the "Great Northern Railway Line,"
but is entirely separate and distinct from the corporation
the *Great Northern Railway Company;* that the "Great
Northern Railway Line" is a descriptive term, and signifies
a railroad line running from Puget Sound and terminating,
at the east, at Superior and St. Paul, and that the corpora-
tion composing one portion of said line, and running be-
tween St. Paul and Superior and Duluth, is the Eastern

Railway Company of Minnesota, which company deponent represents.

The defendant appealed from the said order of the circuit court.

For the appellant there was a brief by *Murphy & Remington*, and oral argument by *J. A. Murphy*.

For the respondent there was a brief by *Malone & Bachhuber*, and oral argument by *J. E. Malone*. They contended, *inter alia*, that if Clarity was an agent for the Great Northern Railway Line, he was, for the purpose of service, an agent of each of the roads embraced in said line. *State v. U. S. Mut. Acc. Asso.* 67 Wis. 624; *State v. Farmer*, 49 id. 459; R. S. sec. 2637; *Parish v. Reeve*, 63 Wis. 315; *Wickham v. South Shore L. Co.* 89 id. 23. The defendant, by setting forth in his notice that he would move to dismiss the action with costs, asked affirmative relief and therefore submitted to the jurisdiction of the court. *Handy v. Insurance Co.* 37 Ohio, 366; *Lowe v. Stringham*, 14 Wis. 222, 225; *Caughey v. Vance*, 3 Pin. 275; *Thayer v. Dove*, 8 Blackf. 567; *Grantier v. Rosecrance*, 27 Wis. 488, 492; *Alderson v. White*, 32 id. 308; *Anderson v. Coburn*, 27 id. 558, 564; *Upper Miss. Transp. Co. v. Whittaker*, 16 id. 220; *Blackburn v. Sweet*, 38 id. 578.

PINNEY, J.    1. The order of the circuit court imposed $10 costs on the defendant in favor of the plaintiff, and this sum might be collected by proper process. Such an order is so far in the nature of a judgment that we have hitherto held orders erroneously made, imposing costs, appealable, which, without such imposition of costs, would not have been subject to appeal. *Cleveland v. Burnham*, 60 Wis. 19, 20; *Pride v. Weyenberg*, 83 Wis. 59, 63; *Sutton v. Wegner*, 72 Wis. 294. As the appeal was taken before ch. 215, Laws of 1895, took effect, prohibiting appeals when the amount adjudged is less than $100, unless the certificate therein speci-

fied is made by the trial judge, the objection that the order in question was not appealable is not well taken.

2. The circuit court evidently held that the defendant's notice of motion to dismiss the action, *with costs*, was a general appearance, notwithstanding the appearance was special, and for the purposes of the motion to dismiss for want of jurisdiction over the defendant, and founded on affidavits which showed that the defendant sought no other relief, and dismissed the motion accordingly, although the defendant was in court throughout only for the purpose of contesting its jurisdiction.

In the case of *Allen v. Lee*, 6 Wis. 478, where the defendant moved to dismiss an attachment for the reason that the court had not acquired jurisdiction of the defendant by service of process or otherwise, but it was not stated that the appearance was special, and it was therefore claimed that this amounted to a general appearance and waived the very defect to which the defendant was objecting, the court held that there was no waiver, it appearing "that the defendant did not appear for any other purpose than to make the motion to dismiss." The question, What would amount to a waiver in such a case? was fully considered in *Blackburn v. Sweet*, 38 Wis. 578, and COLE, J., stated that "the principle to be extracted from the decisions is that a motion to set aside a judgment which is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly upon grounds of mere irregularity in the rendition of the judgment, consistent with the fact of jurisdiction and which imply its existence, amounts to a general appearance; that is, where the moving party asks some relief which can only be granted upon the hypothesis that the court has jurisdiction of the cause and person, this is a submission to the jurisdiction and waives all defects in the service of process;" and in that case, although the defendant asked that the execution and levy made upon it be set aside on account.

of the want of jurisdiction of the court over the defendant to render the judgment, it was held that this "was entirely compatible with the claim that there was no judgment upon which the execution could issue, because the court had no jurisdiction to render it," and therefore it was no waiver. In *Sanderson v. O. C. R. & C. Co.* 61 Wis. 609, 611, this rule was applied to a similar motion, where the defendant had asked that the service be set aside and also "that further proceedings be restrained until the summons should be served, or for such other or further order as the court might deem meet to protect the rights of the defendant." TAYLOR, J., said: "When the order to show cause is read in connection with the affidavits upon which it is founded, it will clearly appear that no relief could be granted thereon except the setting aside of the service of the summons in the action, as there is no ground laid in the affidavits for any other relief; certainly for no other relief except such as would be proper to grant *as a consequence* of setting aside such service;" and, as no relief was asked except such as was consistent with the want of jurisdiction of the court over the person of the defendant, that the defendant had not waived the objection.

In the present case the defendant asked that the service of the summons be set aside, and "the action be dismissed, with costs," and, in a subsequent part of the notice, such relief is asked, "with the costs of motion." The defendant did not ask for *costs of the action*, but, in effect, for proper and rightful costs in consequence. It is not denied but that the defendant might have costs of the motion upon granting the relief prayed, and we think it would be going too far to construe the present notice as an application for relief which the court could grant only in case it had jurisdiction of the subject matter and of the defendant, and, therefore, by a refined and exceedingly technical construction, was a waiver of that want of jurisdiction upon which it was expressly and constantly insisting. The claim for

costs must be construed as a claim only for such costs as the court might properly grant on setting aside the service of the summons, and, therefore, was not a waiver of the objection or a general appearance.

3. It is clearly shown by the affidavits that Clarity, upon whom the summons was served as the agent of the defendant, was in no proper or legal sense such agent for any purpose, either general or special. He was the agent of the Eastern Railway Company of Minnesota, a corporation separate and distinct from the *Great Northern Railway Company*. The contention that he was a freight agent of the Great Northern Railway Line, a combination of several companies for securing and sharing freights, and that the defendant was one of such companies, if sustained by the record, would not make him the agent of the *Great Northern Railway Company* separately, so that service of the summons in the action could be lawfully made on him; any more than the agent of a partnership, by reason of that relation, could be considered the agent of an individual member of the firm in respect to his separate affairs.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to set aside the service of the summons and dismiss the action, with costs of the motion.