## MOORE v. BLAKE.

(Supreme Court, Appellate Term. March 26, 1906.)

APPEARANCE—SPECIAL APPEARANCE—NOTICE.

Where defendant did not intend to appear generally, and plaintiff was not led to believe that the appearance was general, the notice of appearance will be regarded as notice of a special appearance.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appearance, §§ 42–52.]

Appeal from City Court of New York, Special Term.

Action by Clifford C. Moore against George H. Blake. From an order setting aside the service of summons, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBUR-GER, JJ.

Warren, Warren & O'Beirne (L. E. Warren, of counsel), for appellant.

James J. Lewis, for respondent.

PER CURIAM. The defendant's practice has, to say the least, been inartistic. He omitted the venue upon his affidavits, and he so framed his notice of appearance as to raise a serious question whether it should not be treated as a general appearance. Although the question is a close one, we think that the notice may properly be regarded as special rather than general. It is clear that defendant did not intend to appear generally, and it does not appear that the plaintiff was in any wise misled as to the nature of the appearance. The proof of defendant's nonresidence was, however, wholly insufficient, and would not be accepted in any case in which it might be necessary to prove non-

residence as the basis for an order of publication or a provisional remedy. If the defendant really is a nonresident, as he very probably is, it should have been easy to get satisfactory evidence of that fact. A little time might be required, but that could readily have been obtained on proper application to the court below.

For this defect in the moving papers the order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. In order, however, that the defendant may not suffer, leave will be given to renew the motion in the court below upon further papers, and upon payment of the costs hereinbefore awarded to the appellant.