HENRY READ, Trustee, Appellant, v. WILLIAM E. ROUSCH, Appellee.

APPEARANCE: Converting Special into General Appearance.
1  An appearance, avowedly for the sole purpose of denying the jurisdiction of the court, and supported by a showing that defendant was a nonresident of the state, and was served with process while attending court in this state as a witness in an

action between third parties, is not converted into a *general* appearance because defendant makes an additional showing as to a matter which does not go to the jurisdiction of the court,—to wit, a showing that ·an action between the same parties, involving the same subject-matter, is then pending in the courts of defendant's residence,—and prays for a dismissal of the action in this state on *all* the grounds set forth in the showing.

DISMISSAL AND NONSUIT: Belated Filing of Petition—Waiver. 2 Defendant's right to have an action dismissed because the petition is not filed on or before the time stated in the notice of suit, is in no wise waived by the fact that defendant, in attempting to make a special appearance, made a general appearance, by pleading to matters which did not go to the jurisdiction of the court. (Sec. 3515, Code, 1897.)

*Appeal from Page District Court.*—E. B. WOODRUFF, Judge.

SEPTEMBER 29, 1920.

ACTION at law to recover judgment upon certain promissory notes, payment of which, it is alleged, was, for a valuable consideration, assumed by the defendant. Notice was served' upon the defendant in Page County, Iowa, on September 8, 1919, to the effect that a petition demanding such recovery would be filed in the office of the clerk of the district court of said county on or before October 1, 1919. The petition was not, in fact, filed until October 2, 1919.

On October 21, 1919, the defendant, by counsel, filed a paper entitled "Special Appearance of Defendant," stating therein that such appearance was for the sole purpose of denying the jurisdiction of the trial court to entertain the action. The first reason or ground stated for such objection is to the effect that defendant was then and still is a nonresident of Iowa, having his domicile and residence in the state of Missouri, and that the original notice in the case was served upon him in the courthouse of Page County, Iowa, where he was in attendance upon the district

court of this state, to testify as a witness, in obedience to a subpoena issued in an action then and there pending between third parties; by reason of all of which he was exempt from liability to be sued in the courts of this state. In the same paper or pleading, defendant further states that plaintiff's petition was not then filed in the court below, nor was it filed at any time until after the expiration of the time fixed therefor in the original notice. Because of the matters so stated, he asked that the action be dismissed.

Further stating his objections to the authority of the trial court to hold him liable to answer the plaintiff's claim, defendant made use of the following language, to wit:

"6½. That the same identical cause of action is now pending in the circuit court of Clay County, Missouri, said suit therein being entitled, 'Henry Read, Trustee, Plaintiff, v. William E. Roush, Defendant,' a copy of the amended petition filed therein, marked Exhibit E, being duly certified to, is attached hereto and made a part hereof, together with the certificate attached thereto.

"7. That this court is without jurisdiction of said cause of action, by reason of the matters above stated and complained of, and as further set forth in the affidavits attached hereto, in support thereof, and by reason of the matters referred to herein.

"8. That defendant objects to and complains that this court does not have jurisdiction of this cause of action by reason of all of his objections and complaints, attaches the annexed affidavits, and also refers to the original notice and return of service thereof, and the notation as to the time of filing of the said petition and copy of plaintiff in said action, as noted thereon by the clerk of said court, and the entry as to the time of filing said petition and copy in judgment and Appearance Docket X, at page 7493 thereof, and also to the original subpoena served upon the said William E. Roush in said case of Grant Taylor, Plaintiff, v. A. T. Clark, Defendant, and to the return of service thereof, all as filed in said case of Grant Taylor, Plaintiff,

v. A. T. Clark, Defendant, in the office of the clerk of said district court of Page County, Iowa. Wherefore defendant asks that the court dismiss said cause of action."

On consideration of the matters so shown and conceded, the trial court sustained the defendant's objections, dismissed the action, and taxed the costs to the plaintiff. From this ruling and order, the plaintiff appeals.—*Affirmed.*

*Tinley, Mitchell, Pryor & Ross,* for appellant.

*Shinbarger, Blagg & Ellison,* for appellee.

WEAVER, C. J.—The question to be decided is very much simplified by the appellant's admission of the fact that defendant was a nonresident of Iowa, at the time original notice was served upon him, and was then

1. APPEARANCE: converting special into general appearance.

within the state of Iowa, in attendance upon court under subpoena to testify as a witness in another cause, and by the further concession that the petition in the present case was not filed within the time stated in the notice. Stated in the language of counsel for the appellant, the sole question now before the court is this: "Is the pleading which the appellee designated 'Special Appearance of Defendant' a special appearance or is it an answer or general appearance?" It is appellant's contention that, while the defendant's claim of immunity from service of process in this state, under the circumstances named, may be conceded, and while the failure to file the petition within the time stated in the notice may have entitled defendant to have the action dismissed, yet his allegation of another action already pending in another state, involving a determination of the same alleged cause of action, is in the nature of a plea to the merits of plaintiff's claim, and operates as a general appearance to the action and consent to the jurisdiction of the court in which such action is brought.

I. While the precedents dealing with cases of this kind

are quite numerous, and the holdings therein are involved in no little confusion, the best approved doctrine supports the reasonable proposition that a defendant cannot be heard to attack the jurisdiction of a court in which he is sued, and at the same time invoke such jurisdiction affirmatively in his own behalf.

Under our statute, a defendant may make a special appearance to an action against him, for the sole purpose of attacking the jurisdiction of the court. Such special appearance must be announced at the time it is made. It limits the objection to the consideration of jurisdictional matters only, and gives him no right to plead to the merits of the case. Section 3541, Code Supplement, 1913.

The defendant in this case unquestionably attempted to exercise this statutory privilege, and confessedly did make a showing of at least one sufficient ground of attack upon the court's jurisdiction over his person. The attempted service upon him of the original notice was a clear violation of his right to immunity from such process. He met the attempt at the threshold, in the manner prescribed by the statute, by announcing that he appeared for the sole purpose of attacking the jurisdiction of the court. -Such being the declared intent and purpose of his appearance, the paper filed by him should be given interpretation and construction consistent therewith, if it can fairly be done. True, if, when so read, it pleads matter which, in fairness, must be deemed purely defensive, or as calling for the exercise of the court's judicial authority to pass upon any question except its own jurisdiction, then the fact that the paper is entitled a "Special Appearance," instead of an answer or other pleading, is immaterial, and ordinarily the appearance will be treated as general. It seems to us quite clear, in the present case, that the defendant and his counsel made a good-faith attempt to confine the attention of the trial court to the single question of jurisdiction. It may be that the allegation of the pendency of another suit involving the same subject-matter would, in an answer, amount to a plea in abatement; but it does not necessarily

follow that the inclusion of such allegation in a statement of the defendant's objections to the court's jurisdiction has the effect to convert such objection into a plea to the merits of the plaintiff's demand for judgment. And this is especially true where no petition had been filed to which he could be held to answer or plead. To say the least, the matter so included in the objection is not inconsistent with the professed and declared "sole purpose" of the defendant in attacking the court's jurisdiction. The pendency in another state of another action between the parties, involving the same subject-matter of controversy, was alleged, not as a defense, but as a fact bearing upon defendant's denial of the district court's jurisdiction to entertain the action for any purpose. Whether such objection be sound is immaterial, if the other ground of attack upon the court's authority in the premises is otherwise sustained by the record. This principle is recognized by the Illinois court in *Supreme Hive Ladies of the Maccabees v. Harrington,* 227 Ill. 511 (81 N. E. 533). There, the defendant specially appeared to question the court's jurisdiction. The objection being overruled, judgment was entered in plaintiff's favor. Subsequently, defendant moved the court to expunge the judgment entry, because of its lack of jurisdiction in the premises. On appeal, plaintiff's contention that the filing of this motion had the effect of a general appearance to the action was overruled by the court, saying:

"It was wholly unnecessary for the defendant to follow up its pleas to the jurisdiction of the court by objecting to the subsequent proceedings on the ground that the court had no jurisdiction of the person of the defendant; but, since all of these objections are entirely consistent with appellant's pleas to the jurisdiction, it is difficult to see how they can be held to amount to a waiver of the jurisdictional question."

So, also, in Wisconsin it is held that, where defendant, specially appearing, asks no relief except such as is consistent with want of jurisdiction of the courts over the defendant, there is no waiver of the objection. *Kingsley v.*

*Great N. R. Co.,* 91 Wis. 380 (64 N. W. 1036); *Sanderson v. Ohio Cent. R. & C. Co.,* 61 Wis. 609, 611; *Blackburn v. Sweet,* 38 Wis. 578.

In determining whether an appearance by a defendant is general or special, the court will look to matters of substance, rather than matters of form. *Rogers v. Penobscot Min. Co.,* 28 S. D. 72 (132 N. W. 792).

It will also have regard to the defendant's apparent intent to make a special appearance, if such intent is evident from the record. *Crisp v. Gochnour,* 34 S. D. 364 (148 N. W. 624); *Thomson v. McMorran Mill. Co.,* 132 Mich. 591; *Board of County Com. v. Smith,* 25 Minn. 131; *Woodard v. Milling Co.,* 142 N. C. 100; *Moore v. Blake,* 98 N. Y. Supp. 233.

Defendant sought no affirmative relief. He did not plead or offer to plead defensively to the plaintiff's claim, but, on the contrary, carefully restricted his appearance, as required by the statute, to the sole purpose of denying the court's jurisdiction. The trial court so treated the appearance, and based its ruling dismissing the case on the admitted fact of defendant's nonresidence, and plaintiff's failure to file his petition within the period fixed by the notice. For the reasons already suggested, we think there was no error in the ruling.

Nor is this conclusion to be avoided because the defendant asked that the action be dismissed. A few precedents may be found to the contrary effect, but the overruling weight of authority sustains our statement. The rule to which we adhere is eminently just and reasonable, and is in clear accord with the provisions of the statute. See *Milwaukee Elev. Co. v. Feucht-Wagner,* 141 Wis. 266 (124 N. W. 264); *Kingsley v. Great N. R. Co.,* 91 Wis. 380; *Bierce v. Smith,* 2 Abb. Pr. (N. Y.) 411; *Hamburger v. Baker,* 35 Hun (N. Y.) 455; *Blackburn v. Sweet,* 38 Wis. 578, 580; *Jones v. Gould,* (C. C. A.) 149 Fed. 153; *Anderson v. Nawa,* 25 Cal. App. 151 (143 Pac. 555); *Flint v. Coffin,* 176 Fed. 872 (100 C. C. A. 342); *Franklyn v. Taylor H. A. C. Co.,* 68 N. J. L. 113; *Austin Mfg. Co. v. Hunter,* 16 Okla.

86; *Little v. Harrington,* 71 Mo. 390; and *Sallee v. Ireland,* 9 Mich. 154.

The foregoing cases are not all parallel with the one before us, in the facts considered or in the manner in which the questions passed upon have arisen; but, with many others which could be cited, they do sustantially agree upon the proposition that, so long as the defendant confines his special appearance to an attack upon the court's jurisdiction over his person, and refrains from asking affirmative relief, which can be granted only on the theory of the existence of jurisdiction, he will not be held to have waived the objection in support of which he comes into court. And surely, his persistent and consistent demand to be dismissed from a proceeding to which he has confessedly never been lawfully made a party, ought not to be denied without a showing of sound and cogent reasons therefor,—a situation which is not here presented.

The foregoing discussion upon this question whether a motion to dismiss because of want of jurisdiction over defendant's person is tantamount to a general appearance, does not necessarily control the other question as to the effect of an appearance to move a dismissal for failure to file the petition. That subject is considered in the next paragraph.

II. It will be observed from the statement of facts and admissions of counsel that defendant's demand for dismissal of the proceeding against him is based, not alone upon his nonresidence, or his immunity from a suit of this character while in attendance upon the courts of this state, but also upon the failure of the plaintiff to file his petition in accordance with his original notice. The trial court ruled with defendant upon both propositions. These propositions are distinct; and, if the ruling may be affirmed on either ground, it is immaterial, for the purposes of this appeal, whether it may also be affirmed on the other. Counsel on either side have given but slight attention in argument to the failure of plaintiff

2. DISMISSAL AND NONSUIT: belated filing of petition: waiver.

to file his petition in proper time, and the principal discussion has centered around the question whether defendant waived his jurisdictional objection. It is manifest, however, that the right of defendant to demand a dismissal of the action against him because of the omission to file the petition, is not necessarily dependent upon his nonresidence, or upon his immunity from suit while in attendance upon court; and that what might be held a waiver of his objection to jurisdiction on account of such nonresidence and exemption from suit in this state, may not be a waiver of his right to demand a dismissal of the action because the petition was not filed in proper time. The right to raise the first objection exists only because of his nonresidence, but the second objection would be equally available to him, were he a resident of Page County, Iowa, and the service of the original notice upon him were in all respects regular and perfect.

The statute as to the effect of a failure to file the petition in time provides that, if the petition be not filed within the period fixed by the notice, and ten days before the term, "defendant may have the action dismissed" (Code Section 3515); and it is a settled rule that an appearance by the defendant to demand a dismissal on this ground will not operate as a waiver of the defect resulting from a failure to file the petition. *Cibula v. Pitt's Sons' Mfg. Co.,* 48 Iowa 528; *Moffitt v. Chicago Chronicle Co.,* 107 Iowa 407, 413; *Paddleford v. Cook,* 74 Iowa 433; *State v. Knapp,* 178 Iowa 25.

It follows of necessity from the admitted facts that, even if we should hold with plaintiff that defendant did waive his right to immunity from suit in the courts of this state, and did voluntarily submit himself to the jurisdiction of the trial court in this case, he did not waive his statutory right to have the action dismissed on his motion because of the failure to file the petition. He did make such motion, and the court did not err in sustaining it.

For the reasons stated, the ruling appealed from must be, and it is,—*Affirmed.*

EVANS, PRESTON, and SALINGER, JJ., concur.