**VIRGINIAN JOINT STOCK LAND BANK v KEPNER et**

Ohio Appeals, 9th Dist, Summit Co

No 2754. Decided Nov 12, 1936

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

McCuskey & Cotton, Akron, for defendant in error Vera E. Kepner.

**OPINION**

By FUNK, PJ.

Plaintiff in error, as plaintiff below, on June 4, 1934, commenced suit against George D. Kepner and wife, Vera E. Kepner, on their promissory note, and their mortgage on real estate to secure the same. The sheriff's return of summonses showed personal service thereon on said George D. Kepner, but that said Vera E. Kepner was served by leaving a copy of the summons at her usual place of residence. Said George D. Kepner filed certain pleadings in the action, but none were filed by said Vera E. Kepner.

As the return of the sheriff on the summons issued for Vera E. Kepner was regular on its face and showed that she had been duly and regularly served with summons, as provided by law, a personal judgment was entered by default against her on said note, and a decree of foreclosure was entered on said mortgage. A personal judgment and foreclosure decree was also entered against said George D. Kepner at the same time.

The property was thereafter sold on order of sale, and, from the proceeds of said sale after paying taxes and costs of suit, the sum of $3,407.25 was applied on said judgment on May 22, 1935, thus leaving a deficiency judgment of more than $5,000.

On June 18, 1935, an affidavit in proceedings in aid of execution was filed against said George D. Kepner and wife, Vera E. Kepner, a notice of which was personally served upon both of said defendants.

On July 8, 1935, said George D. Kepner filed a claim for exemptions in lieu of a homestead.

On July 9, 1935, said Vera E. Kepner filed a motion objecting to the jurisdiction of the court over her person, notice of which was duly served upon the plaintiff, and which motion read as follows:

"Now comes Vera E. Kepner, one of the defendants in the above entitled action, and, entering her appearance solely for the purposes of this motion and not otherwise, moves the court for an order correcting the sheriff's return on the summons issued in this case for her; quashing said apparent summons upon her herein; and vacating and holding null and void the judgment in this case against her."

Upon the hearing of said motion, the court made the following entry:

"On motion of Vera E. Kepner, one of the defendants herein, and it being made to appear that no service of summons herein has been had upon said Vera E. Kepner, the said apparent service and the sheriff's return thereof and the apparent judgment herein against said Vera E. Kepner are hereby set aside, vacated and held for naught.

"To all of which plaintiff does here and now except."

Counsel for plaintiff admit that the evidence before the court at the hearing on said motion disclosed that, although the summons and the return thereon is, on its face, regular, and shows a legal service of summons upon her, there was in reality no service of summons upon her, and that the court was justified in sustaining said motion, unless the relief asked by the motion was such as to enter a general appearance.

Said counsel base their claim of error entirely upon the language of the motion alone, and contend that, as the motion asks for an order correcting the sheriff's return on the summons issued for her, and further asks that the judgment be vacated and held null and void, said motion goes beyond the mere objection to the jurisdiction of the person on a motion to quash the sheriff's return on the summons, and is, therefore, an entry of general appearance in this case, which waived the issuing and service of summons.

Said counsel for plaintiff rely upon the broad general rule recognized by courts and text-writers, that "if a litigant desires to avail himself of want of jurisdiction of his person, he must keep out of court for all purposes except that of objecting to such jurisdiction," and "that any step taken in a case by a defendant other than to object to the court's jurisdiction over his person, constitutes a general appearance."

In support of his claim, said counsel cites:

Bestor v Intercounty Fair, 135 Wis. 339, 115 NW 809.

Dean v Brown, 261 Ky. 593, 88 SW (2d) 298.

**Rice & Co. v Pike, 117 Oh St 521, at pp. 528-529.**

In the case of Bestor v Intercounty Fair, the copy of the summons served on defendant set the time of hearing at 2 A. M., instead of 2 P. M., of a certain day, as stated in the original summons, and defendant moved to correct the return of the sheriff to conform to the facts. The court, in passing upon this motion, held that it was inconsistent with want of jurisdiction over the person of defendant, for the reason that, to correct the return to conform to the facts, would make the return show a proper service of summons upon defendant, and, accordingly, the court could not grant the motion without showing jurisdiction of the person of defendant and of the subject-matter. That is a situation entirely different from the facts in the instant case, in which the correction sought by defendant would show absolutely no service of summons upon her.

It will be noted, in the Bestor case, that the Supreme Court of Wisconsin again followed the rule announced by it in Blackburn v Sweet, 38 Wis. 578, where it stated the rule in the following language:

"1. Where a motion to set aside a judgment is founded partly on the failure of the court to obtain jurisdiction of the moving defendant, and partly upon the ground of mere irregularities consistent with the fact of jurisdiction, and which imply its existence, this constitutes a **general appearance,**

and a waiver of any defect in service of process."

Which rule, in effect, means that the test in determining whether or not an appearance for the purpose of objecting to the jurisdiction of a person by a motion to quash the sheriff's return of service of summons is whether or not the relief asked is consistent or inconsistent with the want of jurisdiction of the person; that if the relief asked is consistent with jurisdiction and inconsistent with want of jurisdiction, then the defendant enters a general appearance, but that if the motion is consistent only with want of jurisdiction, then the defendant has not entered a general appearance.

This rule was also followed in Sanderson and others v Ohio Central Railroad and Coal Co., 61 Wis. 609, in which case the court said: "The rule laid down by this court in the case of Blackburn v Sweet, 38 Wis. 578, is the true rule which must govern in cases of this kind."

This court is in full accord with that rule.

While the courts in many cases, in determining whether or not such a motion is an entering of a general appearance, decide the question upon whether or not the motion goes to the subject-matter of the case, or to some irregularity in proceedings which amounts to the same thing, and, while the courts generally do not state the test as laid down in Blackburn v Sweet, an examination of the decisions will show that the courts generally have followed the principle underlying such holding, even though they have not stated a definite rule in so many words.

Although we have found no case in Ohio which so states the test, yet the principle has been followed in the Ohio cases, and especially in **Smith v Hoover, 39 Oh St 249,** at pp. 257-258, and **Blinn v Rickett, 3 N.P. (N.S.) 345,** at p. 350, affirmed in 6 C.C. (N. S.) 513, in which cases it was held that it is not so much the language employed in the motion as it is the purpose and intent of the motion objecting to the jurisdiction over the person.

Concerning the case of Rice & Co. v Pike, supra, counsel for plaintiff seem to rely strongly upon the language used by Judge Allen at pages 528 and 529, where, in stating acts of a defendant that had been held to constitute an entry of general appearance, she listed "a motion to amend the return of the summons" as an act which would constitute an entry of general appearance.

It will be noted, in the first place, that what Judge Allen said with reference to a motion to amend the return of the sheriff on the summons was obiter in that case, and, in the second place, that the statement is far too broad and is not supported by the cases cited in the notes to the text referred to by Judge Allen. The cases cited in said notes which have special reference to a motion to amend the sheriff's return are Bestor v Intercounty Fair, supra, which we have hereinbefore distinguished, and Stubbs v McGillis, 44 Colo. 138, 96 Pac. 1005, 18 L.R.A. (N.S.) 405.

A careful reading of the case of Stubbs v McGillis discloses that the defendant not only filed a motion to vacate the judgment for the reason that summons had never been served upon him, but also that, before filing that motion, he filed a petition for the purpose of quashing the garnishment proceeding for the same reason, and made certain allegations in said petition for the purpose of showing that the money on deposit in the bank, of which money the attachment was sought, belonged to parties other than the defendant; and that, thereafter, the plaintiff filed a motion to amend the return of the sheriff on the summons to conform to the facts in regard to said service, and that the defendant appeared and contested that motion.

While the affidavit filed by plaintiff in support of said motion to amend said return, disclosed that the action was against one D. J. McGillis, and that he was actually served with a copy of the summons in that case, which had been duly issued to the sheriff by the clerk and which contained his correct name, but the return of which, through inadvertence or mistake on the part of the sheriff, showed that the summons was served upon one M. J. McGillis instead of D. J. McGillis, the defendant testified positively that he never received said summons; and as the sheriff testified that he had no personal recollection of serving it and had to rely on his return, the court overruled plaintiff's motion and vacated the judgment, but held that the defendant, having appeared for the purpose of quashing the return of garnishment and for the purpose of contesting the motion of the plaintiff to amend the sheriff's return, had submitted himself to the jurisdiction of the court and thereby entered his general appearance, and granted him leave to plead.

It will be observed that the court in that case made a clear distinction between a motion by defendant objecting to the jurisdiction of the court, and the appearance of a defendant to contest a motion filed by a plaintiff, and thereby followed another well-recognized rule—to-wit, that "a defendant who appears to contest or resist a motion made by the plaintiff is deemed to have made a general appearance *so as to* subject himself to the jurisdiction of the court." (Emphasis ours). 9 Am. Jur., Appearances, §23.

Furthermore, in the case of Rice & Co. v Pike, supra, Judge Allen, in discussing the broad general rule as to what constitutes a general appearance, said:

"A better statement of the rule is that a general appearance must be express or must arise by implication from the defendant seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only."

and cited Fulton v Ramsey, 67 W. Va. 321, 68 SE 381, 140 Am. St. Rep. 969, in support thereof. An examination of that case discloses that what Judge Allen said was a better statement of the rule, is substantially the third syllabus in said Fulton v Ramsey case, which case seems to be a leading case in that state and which opinion was no doubt carefully prepared and well considered, as the report of the case shows a dissenting opinion concurred in by two of the judges of the Supreme Court of West Virginia.

Among other things said by the judge writing the majority opinion in that case, is that:

"In this state, litigants have put themselves within this rule, for the most part, by asking or accepting some sort of relief in the cause, consistent with the hypothesis of a submission and inconsistent with any other view, such as a continuance."

It will thus be seen that the Supreme Court of West Virginia also recognized the test announced by the Supreme Court of Wisconsin in the case of Blackburn v Sweet, supra.

As to the case of Dean v Brown, supra, cited by counsel for plaintiff, an examination of that case will show that that court also recognized the test announced in the Bestor case. In stating the test, that court, in referring to "want of jurisdiction," used the word "incompatible" instead of "inconsistent," but the effect is the same.

It is thus apparent from a careful reading of the decisions cited by counsel for plaintiff, with reference to the motion to correct the sheriff's return, that said decisions do not support the contention of counsel for plaintiff, but rather support the contention of counsel for defendant.

Coming now to the part of the motion asking that the judgment against Vera E. Kepner be vacated and held null and void, it is only necessary to say that a careful reading of the cases in Ohio, with reference to motions objecting to the jurisdiction of the court over the person of a defendant, discloses no decisions in Ohio where the motion objecting to the jurisdiction of the person was held to constitute a general appearance merely for the reason that the mover asked, not only for the quashing of the return of the sheriff, but also that the petition be *dismissed* or the judgment vacated.

From our examination of the Ohio decisions, it would seem that the courts in Ohio have generally followed the rule that, when a motion objecting to the jurisdiction of a person can be disposed of without examining any of the facts going to the merits of the action, such motion is not an appearance.

Applying the test adopted by the Supreme Courts of Wisconsin and Kentucky, as well as the general rule followed in Ohio, to the facts in the instant case, we are clearly of the opinion that there is nothing in this case which indicates a purpose on the part of Vera E. Kepner to ask for any relief except such as is wholly consistent with the want of jurisdiction of the court over her person and inconsistent with any other view, and that when the motion is considered as a whole in connection with the admitted facts, it amounts to an objection to the jurisdiction of the court over the person of said Vera E. Kepner, and nothing more.

The judgment is therefore affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.